UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT PINEY, et al.,

                         Plaintiffs,

-v-                                        CIVIL ACTION NO.: 25 Civ. 671 (DEH) (SLC)

                                         **ORDER**

CITY OF NEW YORK et al.,

                         Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

       Before the Court are opposing Letter-Motions from Plaintiffs (ECF No. 204 ("Plaintiffs' Letter-Motion")) and a group of roughly 30 of the more than 90 Defendants named in this action (ECF No. 218 ("Defendants' Letter-Motion," with Plaintiffs' Letter-Motion, the "Letter-Motions")). At issue in the Letter-Motions are the manner in which Defendants are to file any future motions to dismiss (ECF No. 204) and the schedule set by the Court on March 14, 2025 (ECF No. 218; see ECF No. 196). As explained below, Plaintiff's Letter-Motion is DENIED WITHOUT PREJUDICE and Defendants' Letter-Motion is GRANTED IN PART and DENIED IN PART.

       On January 23, 2025, Plaintiffs filed this action on behalf of themselves and others similarly situated, alleging that the New York City Police Department ("NYPD") and private businesses on whose behalf it contracted to provide security services violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 1 et seq., by failing to (1) adequately or timely compensate them, or (2) provide notices of pay rate or accurate wage statements. (See generally ECF Nos. 1 (the "Complaint"); 91 (the "SAC")). On February 18, 2025, Plaintiffs filed a Motion for Conditional Collective Certification (ECF No. 54

(the "Collective Motion")). On February 28, 2025, Plaintiffs filed a Motion for Consolidation and Appointment of Interim Class Counsel (ECF No. 141 (the "Consolidation Motion")). The Consolidation Motion asks the Court to combine this action with two other nearly identical cases filed by different counsel—<u>Monasar, et al. v. City of New York, et al.</u>, No. 25 Civ. 1337 (S.D.N.Y.) ("<u>Monasar</u>"); and <u>DeFalco, et al. v. City of New York, et al.</u>, No. 25 Civ. 1339 (S.D.N.Y.) ("<u>DeFalco</u>," with <u>Piney</u> and <u>Monasar</u>, the "Related Cases"). (<u>Id.</u>)

On February 27, 2025, observing that service of process was ongoing in this action, the Court issued an Order setting blanket deadlines of (1) April 1, 2025 for all Defendants to answer, move against, or otherwise oppose the SAC and (2) May 16, 2025 for all Defendants to oppose the Collective Motion. (ECF No. 127). Thereafter, the Honorable Dale E. Ho referred the Related Cases to the undersigned for general pretrial management. (<u>See</u> <u>Monasar</u> at ECF No. 58; <u>DeFalco</u> at ECF No. 11). On March 14, 2025, counsel for the <u>Monasar</u> and <u>DeFalco</u> Plaintiffs filed letters indicating that they consented to the relief requested in the Consolidation Motion—that is, that the Related Cases be consolidated and counsel for the <u>Piney</u> Plaintiffs be named interim class counsel (<u>see</u> <u>Monasar</u> at ECF No. 59; <u>DeFalco</u> at ECF No. 12). Counsel for the <u>Monasar</u> and <u>DeFalco</u> Plaintiffs thus "request[ed] that the Court grant the [Consolidation Motion]." (<u>Id.</u>) In response, and in an effort to streamline this litigation, the Court issued another order maintaining Defendants' April 1, 2025 deadline to answer and May 16, 2025 deadline to oppose the Collective Motion. (ECF No. 196). It also directed the Defendants to file any opposition to the Consolidation Motion by May 16, 2025. (<u>Id.</u>)

The Letter-Motions followed. Plaintiffs' Letter-Motion requests that the Court require all Defendants to "coordinate with one another and submit a single comprehensive memorandum

2

of law" in support of any anticipated motion to dismiss. (ECF No. 204). Defendants' Letter-Motion requests more significant alterations to the schedule the Court has set. It states that, although Defendants are not opposed to joint briefing, they require additional time to confer about the topic and that any future motions to dismiss, motions to compel arbitration, or motions to strike may be better filed after consideration of the Consolidation Motion, which could necessitate the submission of a third amended complaint in this action. (ECF No. 218 at 2). Defendants therefore request that the deadlines to answer, move against, or otherwise oppose the SAC and Collective Motion be adjourned sine die, pending a decision as to the Consolidation Motion. (Id. at 1–5).

The Court has carefully reviewed the Letter-Motions and is convinced that many, although not all, of the suggestions in Defendants' Letter-Motion will help streamline this litigation at this time. Cognizant of Plaintiffs' concerns that Defendants' requests will lead to significant delay, however, the Court will accelerate some of Defendants' proposed deadlines. Accordingly, the Court orders as follows:

1. The Letter-Motions at ECF Nos. 252 and 254 are GRANTED, and Defendants Brooklyn Hospital Center and Buena Vista Theatrical Group are deemed to have joined in Defendants' Letter-Motion.

2. Plaintiff's Letter-Motion is DENIED WITHOUT PREJUDICE, and Defendants' Letter-Motion is GRANTED IN PART and DENIED IN PART, as follows:

    a. By **Friday, March 28, 2025**, counsel for Plaintiffs shall file a chart listing, in alphabetical order, the names of all Defendants, the date on which each

Defendant was served, and the ECF entries corresponding to each Defendant's certificate of service.

b. By **Friday, April 11, 2025**, all Defendants who have been served shall file notices of appearance on the docket.

c. By **Friday, May 16, 2025**, any Defendants opposing the Consolidation Motion shall confer and file a single joint brief of no longer than 20 pages (or of equivalent word count). Any individual Defendant may file a supplemental brief of no longer than 2 pages (or of equivalent word count). Plaintiffs shall file any reply in support of the Consolidation Motion by **Friday, May 30, 2025**. The Court will set a page limit for Plaintiff's reply after assessing the number and nature of oppositions Defendants file.

d. Defendants' deadlines to (1) answer, move against, or otherwise oppose the SAC, and (2) respond to the Collective Motion are HELD IN ABEYANCE pending the Court's decision as to the Consolidation Motion.

The Clerk of Court is respectfully directed to close ECF Nos. 204, 218, 252, and 254.

Dated:      New York, New York
               March 21, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**