UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT PINEY, et al., on behalf of themselves and others similarly situated,

Plaintiffs,

v.

CITY OF NEW YORK, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 671 (DEH) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On December 15, 2025, Plaintiffs moved for leave to file a Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). (Dkt. Nos. 579–81 (the "Motion")). The proposed amendments include: (1) adding claims against new Defendants; (2) adding new Plaintiffs and Class Representatives; (3) correcting the legal names of current Defendants; and (4) updating the factual allegations. (See generally Dkt. Nos. 581-1; 581-2). Defendants do not oppose the Motion. (See Dkt. No. 602).

A court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule encourages courts to determine claims "on the merits" rather than disposing of claims or defenses based on "mere technicalities." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000). The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). Courts in this District have held that denial of a motion to amend is appropriate where "(1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Procter & Gamble

1

Co. v. Hello Prods., LLC, No. 14 Civ. 649 (VM) (RLE), 2015 WL 2408523, at *1 (S.D.N.Y. May 20, 2015) (citing State Tchrs. Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

As an initial matter, Plaintiffs and certain Defendants[1] entered a stipulation agreeing that Defendants would not oppose the Motion "so long as the Listed Defendants are deemed to not waive any procedural or substantive defenses to the [TAC.]" (Dkt. No. 602). Therefore, there is no evidence that Plaintiffs acted in bad faith, unduly delayed filing the Motion, or prejudiced Defendants in any way. See Willton NC, LLC v. MH I Inv. LLC, No. 24 Civ. 5526 (AT) (JW), 2025 WL 2056019, at *2 (S.D.N.Y. July 23, 2025) (granting unopposed motion to amend where there was no evidence of bad faith, futility, or prejudice); Red Black Tree, D.O.O. v. Hotel Credits, Inc., No. 22 Civ. 7834 (JGK) (SLC), 2023 WL 8039360, at *4–5 (S.D.N.Y. Nov. 20, 2023) (granting motion to amend complaint to add parties and a claim where defendants did not respond to the motion and where proposed amendments were not plainly futile); Esmilla v. Cosmopolitan Club, No. 09 Civ. 10169 (DF), 2011 WL 814007, at *2 (S.D.N.Y. Mar. 3, 2011) (granting motion to amend to add new claims and allegations against existing defendants who did not oppose those amendments).

Moreover, the Court cannot say that the proposed amendments are plainly futile. For example, Plaintiffs added new claims against new Defendants, eliminated the John Doe Defendants, and supplemented allegations supporting the claims in the Second Amended Complaint. (See generally Dkt. Nos. 581-1; 581-2). Therefore, Plaintiffs have met the liberal standard for amendment under Rule 15(a)(2) because the proposed amendments are not "so

---

[1] The Defendants that stipulated with Plaintiffs (the "Listed Defendants") are listed on Exhibit A to the Stipulation and Order. (Dkt. No. 602).

plainly futile that leave to amend would be improper." Red Black Tree, 2023 WL 8039360, at *5 (citation omitted).

Accordingly, it is ORDERED as follows:

(1) The Motion is **GRANTED**.

(2) On or before **Monday, February 9, 2026**, Plaintiffs shall separately file the Proposed TAC on the public docket as the operative pleading.

(3) Defendants shall respond to the TAC **within fourteen (14) days from the date of service**.

(4) On or before **Wednesday, February 18, 2026**, Plaintiffs shall serve the newly added defendants with a summons and the TAC, and file proof of such service on the docket.

(5) **Within 21 days from the date of service**, the newly added defendants shall respond to the TAC.

The Clerk of Court is respectfully directed to close Dkt. No. 579.

Dated:      New York, New York
            February 4, 2026

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

3