UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>ALBERT PINEY, <em>et al.</em>,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK, <em>et al.</em>,<br><br>Defendants.</td><td>Case No. 1:25-cv-00671-DEH-SLC<br><br><br>STIPULATION AND [<s>PROPOSED</s>] ORDER</td></tr>
</table>

WHEREAS, on February 6, 2026, the Court ordered the Plaintiffs and Defendants to file a "proposed stipulation and order identifying the motions Defendants intend to file in response to the [Third Amended Complaint ("TAC")], the number of briefs they intend to file, and the proposed page limits for the anticipated joint and individual moving, opposition, and reply briefs[]" (ECF No. 615);

WHEREAS, Plaintiffs and Defendants listed on Exhibit A attached hereto ("Listed Defendants")[1] have agreed and stipulated[2] that some of the Listed Defendants intend to file or join[3] a motion to sever, a motion to dismiss, and/or a motion to compel arbitration in response to the

---

[1] The undersigned counsel for Defendant The TJX Companies, Inc. have attempted to contact each Defendant for whom a notice of appearance has been entered in this Action through the date of the filing of this Stipulation and Proposed Order. The Defendants listed on Exhibit A are those that have indicated that they wish to join in the Stipulation and Proposed Order. Counsel for Defendants City of New York and New York Police Department have indicated that those two defendants do not oppose the Stipulation, but do not join it because they do not intend to engage in motions practice against the Third Amended Complaint.

[2] Only the Listed Defendants have authority to enter this stipulation. The Listed Defendants do not represent that they speak for the other Defendants in this case nor do they have the authority to bind them to this stipulation. Plaintiffs will write to the Court separately regarding this issue.

[3] By joining in this Stipulation and Proposed Order, a Listed Defendant does not waive its right to decline to join in the listed motions. By joining in one of the listed motions, a Listed Defendant does not waive its right to decline to join in the other listed motions.

1

TAC and that the following limitations shall apply to the moving, opposition, and reply briefs for those motions:

*Motion to Sever:*

One of the Listed Defendants may file a motion to sever with a single brief-in-chief of no more than twenty-five (25) pages in support of that motion. No later than the seventh day after the motion to sever is filed, each individual Listed Defendant joining in that motion may file a supplemental letter brief of no more than three (3) pages, which shall be limited only to arguments and factual circumstances specific to that Listed Defendant and shall not address or repeat arguments or factual circumstances raised in the brief-in-chief, and a supporting declaration of no more than three (3) double-spaced pages in support of their joinder in the motion;

Plaintiffs' opposition brief to the motion to sever shall be no more than twenty-five (25) pages. Plaintiffs may also file letter briefs of no more than five (5) pages in response to the supplemental letter briefs and declarations filed by the Listed Defendants who join the motion to sever. Plaintiffs' letter briefs shall be limited only to arguments and factual circumstances specific to, or raised by, the Listed Defendant and supplemental letter brief to which Plaintiffs are responding. The Listed Defendant authoring the brief-in-chief may file a single reply brief-in-chief of no more than fifteen (15) pages, and any individual Listed Defendant that is specifically addressed in Plaintiffs' opposition brief or in any letter brief may file a supplemental reply letter brief in further support of the motion to sever of no more than three (3) pages, which shall be limited only to arguments and factual circumstances specific to, or raised by Plaintiffs in regard to that Listed Defendant;

*Motion to Dismiss*:

One or more of the Listed Defendants may file a single brief-in-chief of no more than forty (40) pages in support of the motion.  No later than the seventh day after the motion to dismiss is filed, each individual Listed Defendant joining in the motion to dismiss may file a supplemental letter brief of no more than three (3) pages in support of their joinder in the motion to dismiss and in which each individual Listed Defendant shall indicate the portions of the brief-in-chief in which they join. Supplemental letter briefs shall be limited only to arguments and factual circumstances specific to that Listed Defendant and shall not address or repeat arguments or factual circumstances raised in the brief-in-chief;

Plaintiffs' opposition brief to the motion to dismiss shall be no more than forty (40) pages. Plaintiffs may also file letter briefs of no more than three (3) pages in response to the supplemental letter briefs filed by the Listed Defendants who join the motion to dismiss. Plaintiffs' letter briefs shall be limited only to arguments and factual circumstances specific to, or raised by, the Listed Defendant and supplemental letter brief to which Plaintiffs are responding. The Listed Defendant(s) authoring the brief-in-chief may file a single reply brief-in-chief of no more than twenty (20) pages, and any individual Listed Defendant specifically addressed in Plaintiffs' opposition brief or in any letter brief may file a supplemental reply letter brief in further support of the motion to dismiss of no more than three (3) pages, which shall be limited only to arguments and factual circumstances specific to, or raised by Plaintiffs in regard to that Listed Defendant;

*Motion to Compel Arbitration*:

One or more of the Listed Defendants may file a single brief-in-chief of no more than twenty-five (25) pages in support of their motion to compel arbitration. No later than the seventh day after the motion to compel arbitration is filed, each individual Listed Defendant joining in the

3

motion to compel arbitration may file a supplemental letter brief of no more than three (3) pages in support of their joinder in the motion to compel arbitration and in which each of the individual Listed Defendants shall indicate the portions of the brief-in-chief in which they join. Supplemental letter briefs shall be limited only to arguments and factual circumstances specific to that Listed Defendant and shall not address or repeat arguments or factual circumstances raised in the brief-in-chief;

Any opposition brief to the motion to compel arbitration briefs shall be no more than twenty-five (25) pages. Any party opposing the motion to compel arbitration may also file letter briefs of no more than three (3) pages in response to the supplemental letter briefs filed by the Listed Defendants who join the motion to dismiss. Any opposition letter brief shall be limited only to arguments and factual circumstances specific to, or raised by, the Listed Defendant and supplemental letter brief to which are being responded. The Listed Defendant(s) authoring the brief-in-chief may file a single reply brief-in-chief of no more than fifteen (15) pages, and any individual Listed Defendant specifically addressed in an opposition brief or in any letter brief may file a supplemental reply letter brief in further support of the motion to compel arbitration of no more than three (3) pages, which shall be limited only to arguments and factual circumstances specific to, or raised by, any opposing party in regard to that Listed Defendant; and

The Court, having considered the aforementioned stipulation between Plaintiffs and Listed Defendants, and for good cause shown, ORDERS that:

1. With respect to the motion to sever:

    a. On or before July 9, 2026, one Listed Defendant may file a motion to sever with a single brief-in-chief in support of that motion to sever of no longer than twenty-five (25) pages. On or before July 16, 2026, any individual Listed Defendant joining

in the motion to sever may file a supplemental letter brief of no longer than three (3) pages and a supporting declaration of no more than three (3) double-spaced pages in support of their joinder in the motion.[4] It is expressly Ordered that the supplemental letter briefs and declarations shall be limited only to arguments and factual circumstances specific to that Listed Defendant and ***shall not*** address or repeat arguments or factual circumstances raised in the brief-in-chief.

b.  On or before November 6, 2026, Plaintiffs may file an opposition of no longer than twenty-five (25) pages to the motion to sever and letter briefs of no more than five (5) pages responding to the supplemental letter briefs and declarations filed by the Listed Defendants who join in the motion to sever. It is expressly Ordered that Plaintiffs' letter briefs shall be limited only to arguments and factual circumstances specific to, or raised by, the Listed Defendant and supplemental letter brief to which Plaintiffs are responding.

c.  On or before January 6, 2027, the Listed Defendant authoring the brief-in-chief may file a single reply brief-in-chief of no longer than fifteen (15) pages, and any individual Listed Defendant specifically addressed in Plaintiffs' opposition brief or in any letter brief may file a supplemental reply letter brief in further support of the motion to sever of no longer than three (3) pages on or before the same deadline. It is expressly Ordered that the Listed Defendants' reply letter briefs shall be limited only to arguments and factual circumstances specific to, or raised by, Plaintiffs in regard to that Listed Defendant.

---

[4] Any Defendant who declines to join in the motion to sever at this time expressly reserves its right to file such a motion at a later stage in the litigation.

2. With respect to the motion to dismiss:

    a. On or before July 9, 2026, one or more of the Listed Defendants may file a motion to dismiss with a single brief-in-chief of no longer than forty (40) pages. On or before July 16, 2026, any individual Listed Defendant joining in the motion to dismiss may file a supplemental letter brief of no longer than three (3) pages in support of their joinder in the motion to dismiss and in which each individual Listed Defendant shall indicate the portions of the brief-in-chief in which they join. It is expressly Ordered that the supplemental letter briefs shall be limited only to arguments and factual circumstances specific to that Listed Defendant and ***shall not*** address or repeat arguments or factual circumstances raised in the brief-in-chief.

    b. On or before November 6, 2026, Plaintiffs may file an opposition of no longer than forty (40) pages to the motion to dismiss and letter briefs of no more than three (3) pages responding to the supplemental letter briefs filed by the Listed Defendants who join the motion to dismiss. It is expressly Ordered that Plaintiffs' letter briefs shall be limited only to arguments and factual circumstances specific to, or raised by, the Listed Defendant and supplemental letter brief to which Plaintiffs are responding.

    c. On or before January 6, 2027, the Listed Defendant(s) authoring the brief-in-chief may file a single reply brief-in-chief of no longer than twenty (20) pages, and any individual Listed Defendant specifically addressed in Plaintiffs' opposition brief or any letter brief may file a supplemental reply letter brief in further support of the motion to dismiss of no longer than three (3) pages on or before the same deadline. It is expressly Ordered that the Listed Defendants' reply letter briefs shall be limited

only to arguments and factual circumstances specific to, or raised by, Plaintiffs in regard to that Listed Defendant.

3.  With respect to the motion to compel arbitration:

    a.  On or before July 9, 2026, one or more of the Listed Defendants may file a single brief-in-chief of no longer than twenty-five (25) pages. On or before July 16, 2026, any individual Listed Defendant joining in the motion to compel arbitration may file a supplemental letter brief of no longer than three (3) pages in support of their joinder in the motion to compel arbitration and in which the individual Listed Defendant shall indicate the portions of the brief-in-chief in which they join. It is expressly Ordered that the supplemental letter briefs shall be limited only to arguments and factual circumstances specific to that Listed Defendant and ***shall not*** address or repeat arguments or factual circumstances raised in the brief-in-chief.

    b.  On or before November 6, 2026, any Party may file an opposition of no longer than twenty-five (25) pages to the motion to compel arbitration and letter briefs of no more than three (3) pages responding to the supplemental letter briefs filed by any of the Listed Defendants who join the motion to compel arbitration. It is expressly Ordered that any opposition letter brief shall be limited only to arguments and factual circumstances specific to, or raised by, the Listed Defendant and supplemental letter brief to which are being responded.

    c.  On or before January 6, 2027, the Listed Defendant(s) authoring the brief-in-chief may file a single reply brief-in-chief of no longer than fifteen (15) pages, and any individual Listed Defendant specifically addressed in an opposition brief or any letter brief may file a reply supplemental letter brief in further support of the motion

to compel arbitration of no longer than three (3) pages on or before the same deadline. It is expressly Ordered that the Listed Defendants' reply letter briefs shall be limited only to arguments and factual circumstances specific to, or raised by, any opposing party in regard to that Listed Defendant.

DATED: May 18, 2026

By:   *Innessa M. Hoult*
      Innessa M. Hoult
      Shawn R. Clark
      FARUQUI & FARUQUI, LLP
      685 Third Avenue, 26th Floor
      New York, New York 10017
      Tel: (212) 983-9330
      Fax: (212) 983-9331
      ihuot@faruquilaw.com
      *Attorneys for Plaintiffs*

By:   *Lisa A. Schreter*
      Lisa A. Schreter*
      Richard W. Black*
      LITTLER MENDELSON, P.C.
      3424 Peachtree Road NE, Suite 1200
      Atlanta, Georgia 30326
      Tel: (212) 983-9330
      Fax: (212) 983-9331
      lschreter@littler.com
      rblack@littler.com
      *Attorneys for Defendant The TJX Companies, Inc.*[5]

      *admitted pro hac vice

SO ORDERED   5/19/26

SARAH L. CAVE
United States Magistrate Judge

---

[5] Given the difficulty coordinating among Listed Defendants, Listed Defendants have authorized the foregoing attorneys to execute this Proposed Stipulated Order in lieu of counsel for each Listed Defendant having to separately execute the Proposed Stipulated Order.

EXHIBIT A

1.    34th Street Partnership
2.    509 W34, L.L.C.
3.    ALDI, Inc.
4.    American Broadcasting Companies, Inc.
5.    American Express Travel Related Services Company, Inc.
6.    Animal Medical Center, Inc. a/k/a Schwarzman Animal Medical Center
7.    Apple, Inc.
8.    Avenues: The World School
9.    Bais Yaakov Academy for Girls
10.    Bank of America Corporation
11.    Barclays Bank PLC
12.    Best Buy Co., Inc.
13.    BJ's Wholesale Club, Inc.
14.    Blackrock, Inc.
15.    Bloomingdale's, LLC
16.    Bnos Bais Yaakov of Far Rockaway
17.    Brookdale Hospital Medical Center
18.    Brooklyn Botanic Garden Corporation
19.    Brooklyn Heights Synagogue
20.    Bryant Park Corporation
21.    Buena Vista Theatrical Group, Ltd. d/b/a Disney Theatrical Group
22.    Burlington Coat Factory Warehouse Corporation
23.    BXP Inc. f/k/a Boston Properties, Inc.
24.    Central Synagogue
25.    Chelsea Piers L.P.
26.    Church of City of New York
27.    Citigroup, Inc.
28.    Congregation Baith Israel Anshei Emes d/b/a Kane Street Synagogue
29.    Congregation Bnai Jeshurun Starafroler Hebria
30.    Congregation Etz Chaim of Kew Gardens Hill
31.    Congregation Rodeph Sholom
32.    CVS Health Corporation
33.    Edmond J. Safra Synagogue
34.    Genting New York LLC d/b/a Resorts World Casino
35.    GFP Real Estate, LLC
36.    Hines Interests Limited Partnership
37.    Hospital for Special Surgery
38.    JPMorgan Chase & Co.

9

39. Khal Bnei Avrohom Yaakov Inc.
40. LIC Site B-1 Owner L.L.C.
41. Macy's Retail Holdings, LLC
42. Mesivta Yeshiva Rabbi Chaim Berlin
43. MetLife Group, Inc.
44. Montefiore Medical Center
45. Morgan Stanley
46. Mount Sinai Health System
47. MSG Entertainment Holdings, LLC
48. NBCUniversal Media, LLC
49. Neue Galerie New York
50. New York University
51. New York-Presbyterian Healthcare System IPA, LLC (The New York and Presbyterian Hospital)
52. Newsmax Media, Inc.
53. Northwell Health, Inc.
54. NYU Langone Hospitals
55. Omni Eye Surgery of New York, P.C.
56. Paramount Group, Inc.
57. Park Avenue Synagogue
58. Parker Jewish Institute for Healthcare and Rehabilitation
59. Plaza Motors, LLC f/k/a Plaza Motors of Brooklyn, Inc. d/b/a Plaza Auto Mall d/b/a Plaza Honda
60. Queens Ball Park Company, L.L.C.
61. Queens Jewish Center and Talmud Torah
62. RCPI Landmark Properties, L.L.C.
63. Rosco Inc.
64. Ross Dress For Less, Inc. (Ross Stores, Inc.)
65. Royal Realty Corp.
66. RXR Realty LLC
67. Salanter Akiba Riverdale Academy d/b/a SAR Academy
68. Salesforce, Inc.
69. SL Green Realty Corp.
70. St. Barnabas Hospital, Inc.
71. St. Thomas Church Fifth Avenue
72. Stephen Wise Free Synagogue
73. Taino Towers Apartments, LLC
74. Tashkent Supermarket LLC
75. Temple Shaaray Teflia
76. The Bank of New York Mellon Corporation

77.  The Brooklyn Hospital Center
78.  The Brooklyn Tabernacle
79.  The Goldman Sachs Group, Inc.
80.  The Jewish Museum
81.  The New York Botanical Garden
82.  The New York Times Company
83.  The New York Yankees, LP (New York Yankees Partnership)
84.  The Ramaz School
85.  The TJX Companies, Inc. d/b/a Marshalls and d/b/a TJ Maxx
86.  The Trustees of Columbia University in the City of New York
87.  The Young Men's and Young Women's Hebrew Association d/b/a 92nd St. Y
88.  Times Square Church, Inc.
89.  Tishman Speyer Associates Limited Partnership d/b/a LIC Site B-1 d/b/a The Spiral d/b/a Rockefeller Center
90.  Torah Academy for Girls
91.  UBS Financial Services Inc.
92.  V&R Payroll Factors, Inc.
93.  Vornado Office Management LLC
94.  Wakefern Food Corp. d/b/a Shop-Rite Supermarkets, Inc.
95.  Wegmans Food Markets, Inc.
96.  Yeshiva Darchei Torah
97.  Yeshiva Har Torah
98.  Yeshiva University
99.  Young Israel of Queens Valley
100. Zara USA, Inc.