**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALBERT PINEY, et al.,<br><br>              Plaintiffs,<br><br>              v.<br><br>CITY OF NEW YORK, et al.,<br><br>              Defendants. | Civil Case No. 1:25-cv-00671-JMF-SLC |

## DECLARATION OF INNESSA M. HUOT

I, INNESSA M. HUOT, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner with Faruqi & Faruqi, LLP (the "Faruqi Firm"), counsel for Plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' motion for preliminary approval of the proposed Settlements with Defendants: (1) FedEx Corporation and Federal Express Corporation (collectively, "FedEx"), (2) Museum of Jewish Heritage A Living Memorial to the Holocaust (the "Jewish Heritage Museum"), (3) Bais Yaakov Academy for Girls ("Bais Yaakov Academy"), (4) Mesivta Yeshiva Rabbi Chaim Berlin ("Mesivta"), and (5) St. Thomas Church Fifth Avenue ("St. Thomas Church"); certification of the proposed settlement classes; appointment of Faruqi & Faruqi, LLP as class counsel ("Class Counsel"); and approval of Plaintiffs' proposed Settlement Notices and Claim Forms.

2. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of this litigation.

3. The Faruqi Firm is a national law firm with offices in New York, Pennsylvania, California, and Georgia. The Faruqi Firm's practice focuses on complex and class action litigation, including employment, consumer, antitrust, financial, corporate governance, and securities matters. The Faruqi Firm has extensive experience in the litigation, trial, and settlement of

1

complex wage and hour lawsuits under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

4.     I am the Chair of the Faruqi Firm's Employment Practice Group and manage attorneys in the firm's multiple offices throughout the country.  I have served as lead counsel in numerous class and collective actions nationwide. Some of the firm's more recent public recoveries include, *inter alia*: *Pierre v. City of N.Y., et al.* (NYC), No. 1:20-cv-05116 (ALC)(VF), ECF No. 607 (S.D.N.Y. Apr. 14, 2026) ($300,000.00 collective action settlement of FLSA claims); *Pierre v. City of N.Y., et al.* (Silverseal), No. 1:20-cv-05116 (ALC)(VF), ECF No. 604 (S.D.N.Y. Apr. 7, 2026) ($199,999.99 class and collective action settlement of FLSA and NYLL claims); *Pierre v. City of N.Y., et al.* (Duane Reade), No. 1:20-cv-05116 (ALC)(VF), ECF No. 584 (S.D.N.Y. Dec. 5, 2025) ($7,225,000.00 class and collective action settlement of FLSA and NYLL claims); *Mazzochi, et al. v. Gold Medal Env't of NJ Inc.*, No. 1:24-cv-08046-CPO-SAK, ECF No. 56 (D.N.J. Sept. 18, 2025) ($4 million settlement on behalf of drivers for unpaid wages and overtime); *Almazo, et al. v. 44 Street F&B LLC d/b/a The Lambs Club, et al.*, No. 1:24-cv-00096-JPO (S.D.N.Y. July 28, 2025) ($1.2 million class action settlement for unpaid minimum and overtime wages, as well as withheld gratuities on behalf of restaurant workers); *Dawn Hall, et al. v. City of N.Y.*, No. 22-CV-10193 (BCM), ECF No. 111 (S.D.N.Y. June 30, 2025) ($800,575.25 collective settlement for unpaid wages and overtime on behalf of construction project managers); *Pierre v. City of N.Y., et al.* (B&H Foto), No. 20-cv-05116-ALC, ECF No. 516 (S.D.N.Y. Nov. 15, 2024) ($650,000 class and collective action settlement of FLSA and NYLL claims); *Pierre v. City of N.Y., et al.* (TD Bank), No. 20-cv-05116-ALC, ECF No. 499 (S.D.N.Y. Oct. 15, 2024) ($8,930,186.41 class and collective action settlement of FLSA and NYLL claims); *Ruderman v. Law Off. of Yuriy Prakhin, et al.*, No. 19-CV-2987-CBA-LB, ECF No. 220 (E.D.N.Y, Feb. 24,

2024) ($1,735,000, plus interest, jury verdict for the plaintiff after a two-week trial against employer); *Conte, et al. v. Metro. Transp. Auth., et al.*, No. 21-cv-02516-VEC (S.D.N.Y. Sept. 14, 2023) ($2.9 million collective action settlement for late payment of wages and overtime); *Mercado, et al. v. Metro. Transp. Auth., et al.*, No. 20-cv-06533-AT (S.D.N.Y. July 5, 2023) ($7.25 million settlement on behalf of officers for late payment of wages and overtime); *Goins v. BB&T Sec., LLC, et al.*, No. 1:20-cv-09891-PGG-JLC (S.D.N.Y. Jan. 6, 2022) ($500,000 settlement of FLSA, NYLL, NYCHRL, and NYSHRL claims); *Feliciano, et al. v. Metro. Transp. Auth., et al.*, No. 18-cv-00026-VSB (S.D.N.Y. May 6, 2020) ($5.4 million settlement on behalf of sergeants and lieutenants for late payment of wages and overtime); *Hall v. J. Caiazzo Plumbing & Heating Corp. et al.*, No. 1:21-cv-05416-ENV-SJB (E.D.N.Y. Sept. 28, 2021) ($110,000 collective action settlement for wage and hour claims); *Molina, et al. v. Huaxcuaxtla Rest. Corp., et al.*, No. 1:20-cv-02481-RWL (S.D.N.Y. Feb. 25, 2021) ($160,000 collective action settlement of minimum wage and overtime claims); *Sanchez, et al. v. Stonehouse Rest LLC, et al.*, No. 1:18-cv-01397-ST (E.D.N.Y. Feb. 4, 2021) ($425,000 settlement for unpaid wages and overtime on behalf of restaurant workers); *Kuznetsov, et al. v. Bravura Glass and Mirror Corp., et al.*, No. 1:20-cv-00726-LB (E.D.N.Y. Dec. 23, 2020) ($135,000 settlement of FLSA and NYLL overtime claims); *Ackerman v. N.Y. Hosp. Med. Ctr. of Queens*, Index No. 702965/2013, NYSCEF Nos. 70 at 1-3; 80 (N.Y. Sup., Queens Cty. June 24, 2020) (approving a $550,000 class action settlement for unpaid wages and noting plaintiffs' counsels' substantial experience in wage and hour litigation and their skill and commitment to representing the settlement class's interests*); Reeves, et al. v. La Pecora Bianca, Inc., et al.*, Index No. 151153/2018 (N.Y. Sup. Ct., June 11, 2020) ($462,500 class action settlement for wage-and-hour claims); *Porrini v. McRizz, LLC, et al.*, No. 2:19-cv-03979(ARR)(RML) (E.D.N.Y. Aug. 16, 2022) ($260,000 settlement of minimum wage and

3

overtime claims); *Morrell, et al. v. NYC Green Transp. Grp., LLC, et al.*, No. 1:18-cv-00918-PKC-VMS (E.D.N.Y. May 8, 2019) ($700,000 class and collective settlement for unpaid wages and overtime); *Izzio, et al. v. Century Golf Partners Mgmt., L.P.*, No. 3:14-cv-03194-M (N.D. Tex. Feb. 13, 2019) ($1.425 million class and collective settlement for unpaid wages and overtime); *Griffin, et al. v. Aldi, Inc.*, No. 5:16-cv-354 (LEK/ATB) (N.D.N.Y. Nov. 15, 2018) ($9.8 million class and collective action settlement for unpaid wages and overtime); *Run Them Sweet, LLC v. CPA Glob. LTD, et al.*, No. 1:16-cv-1347-TSE-TCB (E.D. Va. Oct. 6, 2017) ($5.6 million class settlement); *Foster, et al. v. L-3 Commc'ns EoTech, Inc., et al.*, No. 6:15-cv-03519-BCW (W.D. Mo. July 7, 2017) ($51 million class settlement*); Strong, et al. v. Safe Auto Ins. Grp., Inc., et al.*, No. 2:16-cv-765 (S.D. Ohio Aug. 28, 2017) ($250,000 class action settlement for unpaid overtime and statutory damages).

5.     Even before the lawsuit was filed, Class Counsel engaged in an extensive pre-suit investigation, meeting with Plaintiffs multiple times, reviewing voluminous records, and analyzing Plaintiffs' time records and payroll documents to assess alleged unlawful wage practices.

6.     Class Counsel conducted legal research on the underlying merits of the potential class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and Defendants' likely affirmative defenses.

7.     On January 23, 2025, Plaintiffs commenced a class and collective action on behalf of themselves and all similarly situated New York City Police Officers, Detectives, Sergeants, Lieutenants, Captains, and Inspectors ("Officers") against the City of New York, the New York City Police Department ("NYPD") and several private businesses for which Officers performed uniformed security work through the NYPD's Paid Detail Program ("PDP").  ECF Nos. 1, 631.

8.      Among these private businesses are FedEx, the Jewish Heritage Museum, Bais Yaakov Academy, Mesivta, and St. Thomas Church, who Plaintiffs allege engaged in a common policy and practice of denying 155, 445, 60, 83, and 24 Officers, respectively, timely payment of wages in violation of the FLSA and NYLL.

9.      After this action was filed, Class Counsel conducted further investigation including, but not limited to, interviewing Plaintiffs and certain Class Members, some of whom joined this action as opt-in plaintiffs, reviewing their time records and payroll data, and analyzing their job duties and the details of their employment.

10.     On February 19, 2025, Plaintiffs moved for conditional certification of a collective action.  ECF Nos. 54-56.

11.     Hundreds of Officers working for these Defendants have affirmatively filed consent to join forms to be included in the case as opt-in plaintiffs.

12.     The Parties engaged in extensive investigation, discovery, and negotiations to evaluate the strengths and weaknesses of Plaintiffs' claims as well as the claims of all other Officers who worked PDP shifts for FedEx, the Jewish Heritage Museum, Bais Yaakov Academy, Mesivta, and St. Thomas Church, and Defendants' defenses relating to same.

13.     Plaintiffs and each of the Defendants exchanged and analyzed records concerning every single Officer who worked for FedEx, the Jewish Heritage Museum, Bais Yaakov Academy, Mesivta, and St. Thomas Church in New York State through the PDP at any time throughout the statutory period, who together comprise the settlement classes that Plaintiffs seek to represent (the "Classes" or "Class Members").

14.    After a meticulous review of the comprehensive and detailed time records and payroll data related to all Class Members, Class Counsel was able to calculate the precise damages for each Officer.

15.    Armed with such extensive discovery, data, and analysis, Class Counsel engaged in substantial and arm's length settlement discussions with each of the Defendants, exchanging numerous settlement proposals, damage calculations, and additional data.

16.    Over the next several months, Plaintiffs continued to actively negotiate with each of the Defendants, exchanging additional settlement demands and offers, and engaging in further settlement discussion sessions.

17.    Following these extensive negotiations, Plaintiffs reached five separate settlements of their class and collective claims against Defendants FedEx, the Jewish Heritage Museum, Bais Yaakov Academy, Mesivta, and St. Thomas Church.

18.    Plaintiffs agreed to resolve all claims against FedEx, specifically related to PDP shifts worked by Class Members for FedEx in New York State, for $164,595.30, which represents a remarkable 65% of the entire Class's potential wage damages of $253,223.54.

19.    Plaintiffs also agreed to resolve all claims against the Jewish Heritage Museum, specifically related to PDP shifts worked by Class Members for the Jewish Heritage Museum in New York State, for $219,847.44, which also represents an incredible 65% of the entire Class's potential wage damages of $338,226.83.

20.    Plaintiffs also agreed to resolve all claims against Bais Yaakov Academy, specifically related to PDP shifts worked by Class Members for Bais Yaakov Academy in New York State, for $14,117.21, which also represents an outstanding 65% of the entire Class's potential wage damages of $21,718.78.

21.     Plaintiffs also agreed to resolve all claims against Mesivta, specifically related to PDP shifts worked by Class Members for Mesivta in New York State, for $24,237.69, which also represents an amazing 65% of the entire Class's potential wage damages of $37,288.75.

22.     Finally, Plaintiffs agreed to resolve all claims against St. Thomas Church, specifically related to PDP shifts worked by Class Members for St. Thomas Church in New York State, for $15,000.00, which again represents a fantastic 65% of the entire Class's potential wage damages of $22,936.92.

23.     Each of the five settlement payments also cover attorneys' fees and litigation expenses, as well as service payments to certain Named Plaintiffs (together referred to as the "Service Payment Recipients") for all services rendered on each of the Classes' behalves in connection with the action, negotiations resulting in these Settlement Agreements, and acts performed in furtherance of these Settlement Agreements.

24.     Indeed, the Service Payment Recipients worked extensively on behalf of the Class Members to achieve these Settlements.  For example, the Service Payment Recipients searched for and provided documents and spent many hours with Class Counsel reviewing filings, records, and Defendants' documents, explaining their experiences working for FedEx, the Jewish Heritage Museum, Bais Yaakov Academy, Mesivta, and St. Thomas Church, responding to inquiries from their colleagues, reviewing and submitting declarations in support of Plaintiffs' motion for collective certification, participating in multiple meetings with Class Counsel that were invaluable to the prosecution and resolution of this action, and assisting with this litigation in myriad other ways.

25.     Plaintiffs do not have any interests that conflict with their fellow Officers.

26.    Plaintiffs strongly support these Settlements and many of the hundreds of additional Officers who already joined this lawsuit as opt-in plaintiffs, and already qualify as Authorized Claimants, have also expressed their strong support for these Settlements.

27.    Despite this action being well-known among Class Members, to Plaintiffs' and Class Counsel's knowledge, no similar actions have been filed against FedEx, the Jewish Heritage Museum, Bais Yaakov Academy, Mesivta, or St. Thomas Church by individual Officers.

28.    Should the Court grant the instant motion, Plaintiffs will submit an application for attorneys' fees and costs as well as service payments to the Service Payment Recipients in connection with each of these Settlements at the final approval stage.

29.    Attached hereto as Exhibit 1 is a true and correct copy of the fully executed Settlement Agreement with FedEx.

30.    Attached hereto as Exhibit 2 is a true and correct copy of the proposed Settlement Notice and attached Claim Form for the FedEx Settlement.

31.    Attached hereto as Exhibit 3 is a Proposed Order granting preliminary approval of the proposed Settlement with FedEx, certifying the proposed FedEx Settlement Class, appointing Faruqi & Faruqi, LLP as Class Counsel, and approving the proposed Settlement Notice and Claim Form for the FedEx Settlement.

32.    Attached hereto as Exhibit 4 is a true and correct copy of the fully executed Settlement Agreement with the Jewish Heritage Museum.

33.    Attached hereto as Exhibit 5 is a true and correct copy of the proposed Settlement Notice and attached Claim Form for the Jewish Heritage Museum Settlement.

34.    Attached hereto as Exhibit 6 is a Proposed Order granting preliminary approval of the proposed Settlement with the Jewish Heritage Museum, certifying the proposed Jewish

8

Heritage Museum Settlement Class, appointing Faruqi & Faruqi, LLP as Class Counsel, and approving the proposed Settlement Notice and Claim Form for the Jewish Heritage Museum Settlement.

35.    Attached hereto as Exhibit 7 is a true and correct copy of the fully executed Settlement Agreement with Bais Yaakov Academy.

36.    Attached hereto as Exhibit 8 is a true and correct copy of the proposed Settlement Notice and attached Claim Form for the Bais Yaakov Academy Settlement.

37.    Attached hereto as Exhibit 9 is a Proposed Order granting preliminary approval of the proposed Settlement with Bais Yaakov Academy, certifying the proposed Bais Yaakov Academy Settlement Class, appointing Faruqi & Faruqi, LLP as Class Counsel, and approving the proposed Settlement Notice and Claim Form for the Bais Yaakov Academy Settlement.

38.    Attached hereto as Exhibit 10 is a true and correct copy of the fully executed Settlement Agreement with Mesivta.

39.    Attached hereto as Exhibit 11 is a true and correct copy of the proposed Settlement Notice and attached Claim Form for the Mesivta Settlement.

40.    Attached hereto as Exhibit 12 is a Proposed Order granting preliminary approval of the proposed Settlement with Mesivta, certifying the proposed Mesivta Settlement Class, appointing Faruqi & Faruqi, LLP as Class Counsel, and approving the proposed Settlement Notice and Claim Form for the Mesivta Settlement.

41.    Attached hereto as Exhibit 13 is a true and correct copy of the fully executed Settlement Agreement with St. Thomas Church.

42.    Attached hereto as Exhibit 14 is a true and correct copy of the proposed Settlement Notice and attached Claim Form for the St. Thomas Church Settlement.

43.     Attached hereto as Exhibit 15 is a Proposed Order granting preliminary approval of the proposed Settlement with St. Thomas Church, certifying the proposed St. Thomas Church Settlement Class, appointing Faruqi & Faruqi, LLP as Class Counsel, and approving the proposed Settlement Notice and Claim Form for the St. Thomas Church Settlement.

44.     Attached hereto as Exhibit 16 is a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form with FedEx.

45.     Attached hereto as Exhibit 17 is a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form with Jewish Heritage Museum.

46.     Attached hereto as Exhibit 18 is a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form with Bais Yaakov Academy.

47.     Attached hereto as Exhibit 19 is a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form with Mesivta.

48.     Attached hereto as Exhibit 20 is a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form with St. Thomas Church.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 15, 2026
        New York, New York

Innessa M. Huot

10