UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

No.: 1:25-cv-00671-DEH-SLC

ALBERT PINEY, ROMAN DIAZ, JOSE MARTINEZ,
FREDDY SUAZO, DESMOND GRANT, M. MOSTAYEN
FAYSAL, SOPHIA DALY, CHARLIE RUIZ-REYES,
JAMES DIVINO, MICHAEL KMIOTEK, DEVON
DAWKINS, ALEXIS YANEZ, JULIO ROSA, JAYNEL
PANTOJA, CLAUDIO DIAZ, DOMINIQUE
EVEILLARD, SUDAN OSORIO, RANDY CHOW,
JORGE ZORRILLA, WANG TING, JUSTIN SENESE,
TUHIN KHAN, TAMARA LAUZIER, JOHN RONDON,
BRAYAN ANTONIO, ANNA GARLINSKA, JASON
MANSOUR, ARTURO DELGADO, JOHN CANNON,
MICHAEL MIRON and WADIH ABOUABDALLAH on
behalf of themselves and others similarly situated,

**VERIFIED ANSWER**

Plaintiffs,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, TARGET CORPORATION, MSG
ENTERTAINMENT HOLDINGS, LLC, YANKEE
GLOBAL ENTERPRISES LLC, NYU LANGONE
HOSPITALS, MOUNT SINAI HEALTH SYSTEM, INC.,
THE NEW YORK TIMES COMPANY, BJ'S
WHOLESALE CLUB, INC., RXR REALTY LLC, 509
W34, L.L.C. D/B/A THE SPIRAL, LIC SITE B-1 OWNER,
L.L.C. D/B/A LIC SITE B-1, RCPI LANDMARK
PROPERTIES, L.L.C. D/B/A ROCKEFELLER CENTER,
TISHMAN SPEYER ASSOCIATES LIMITED
PARTNERSHIP D/B/A LIC SITE B-1 D/B/A THE SPIRAL
AND D/B/A ROCKEFELLER CENTER, BUENA VISTA
THEATRICAL GROUP LTD. D/B/A DISNEY
THEATRICAL GROUP, BXP, INC. F/K/A BOSTON
PROPERTIES, INC., KERING AMERICAS, INC., APPLE
INC., CONGREGATION RODEPH SHOLOM, 34TH
STREET PARTNERSHIP, INC., BANK OF AMERICA
CORPORATION, THE TJX COMPANIES, INC., D/B/A
MARSHALLS AND D/B/A TJ MAXX, GENTING NEW
YORK LLC D/B/A RESORTS WORLD CASINO,
PRIMARK US. CORP., ROYAL REALTY CORP., THE
NEW YORK AND PRESBYTERIAN HOSPITAL, 99C
LLC A/K/A 180 MAIDEN LANE LLC, ALDI, INC.,
BARCLAYS BANK PLC, WEGMANS FOOD MARKETS,

INC., NEUE GALERIE NEW YORK, V&R PAYROLL
FACTORS INC., WAKEFERN FOOD CORP., GLASS
GARDENS, INC. D/B/A SHOPRITE, GATEWAY
SHOPRITE ASSOCIATES, LLC D/B/A SHOPRITE,
QUEENS SHOPRITE ASSOCIATES LLC D/B/A
SHOPRITE, NYC SHOPRITE ASSOCIATES, INC. D/B/A
SHOPRITE, VILLAGE SUPER MARKET, INC. D/B/A
SHOPRITE AND D/B/A FAIRWAY MARKETS,
VILLAGE SUPER MARKET OF NJ, L.P. D/B/A
SHOPRITE, THE BANK OF NEW YORK MELLON
CORPORATION, THE ANIMAL MEDICAL CENTER
A/K/A SCHWARZMAN ANIMAL MEDICAL CENTER,
QUEENS YESHIVA KETANA, INC., PARKER JEWISH
INSTITUTE FOR HEALTHCARE AND
REHABILITATION, YOUNG ISRAEL OF QUEENS
VALLEY, YESHIVA DARCHEI TORAH, TORAH
CENTER OF HILLCREST INC., BURLINGTON COAT
FACTORY WAREHOUSE CORPORATION, AMERICAN
BROADCASTING COMPANIES, INC., SEPHARDIC
LEBANESE CONGREGATION INC., ROCHDALE
VILLAGE ASSOCIATION, INC., NEW YORK SOCIETY
FOR THE RELIEF OF THE RUPTURED AND
CRIPPLED, MAINTAINING THE HOSPITAL FOR
SPECIAL SURGERY D/B/A HOSPITAL FOR SPECIAL
SURGERY, VORNADO OFFICE MANAGEMENT LLC
D/B/A PENN DISTRICT, JPMORGAN CHASE & CO.,
UBS FINANCIAL SERVICES INC., QUEENS
BALLPARK COMPANY LLC, TAINO TOWERS
APARTMENTS LLC, MIR HANSON ASSOCIATES,
LLC, NEW YORK UNIVERSITY, ST. BARNABAS
HOSPITAL, INC., MANHATTAN BEER
DISTRIBUTORS LLC, MONTEFIORE MEDICAL
CENTER, NORTHWELL HEALTH, INC., RBG
MANAGEMENT CORP. D/B/A MORTON WILLIAMS
SUPERMARKET, GFP REAL ESTATE LLC, ROSCO,
INC., SL GREEN REALTY CORP., GRAND CENTRAL
PARTNERSHIP, INC., BLOOMINGDALE'S LLC,
FLUSHING-FRESH MEADOWS JEWISH CENTER INC.,
THE GOLDMAN SACHS GROUP, INC., PARK AVENUE
SYNAGOGUE, BNOS BAIS YAAKOV OF FAR
ROCKAWAY, BAIS YAAKOV ACADEMY FOR GIRLS,
CHELSEA PIERS L.P., CONGREGATION BETH-EL
SEPHARDIC CENTER OF JAMAICA ESTATES,
YESHIVA UNIVERSITY, EMPIRE FORCE
INCORPORATED, FEDERAL EXPRESS
CORPORATION, AVENUE NEW YORK LLC D/B/A

AVENUES: THE WORLD SCHOOL, MUSEUM OF
MODERN ART, BRYANT PARK CORPORATION,
BROOKLYN INSTITUTE OF ARTS AND SCIENCES
A/K/A BROOKLYN MUSEUM, THE EDMOND J.
SAFRA SYNAGOGUE, BEST BUY CO. INC., CENTURY
21 USA LLC, THE BROOKDALE HOSPITAL MEDICAL
CENTER, TIMES SQUARE CHURCH, INC., ASPHALT
GREEN, INC., LEPOZZI, INC. D/B/A LAUREN B.
JEWELRY, THE NEW YORK BOTANICAL GARDEN,
THE BROOKLYN HOSPITAL CENTER,
NBCUNIVERSAL MEDIA, LLC, SAM ASH MUSIC
CORPORATION, ZARA USA, INC., MUSEUM OF
JEWISH HERITAGE A LIVING MEMORIAL TO THE
HOLOCAUST, TORAH ACADEMY FOR GIRLS, OMNI
EYE SURGERY OF NEW YORK, P.C., PLAZA
MOTORS, LLC F/K/A PLAZA MOTORS OF
BROOKLYN, INC. D/B/A PLAZA AUTO MALL D/B/A
PLAZA HONDA, 47TH STREET BUSINESS
IMPROVEMENT DISTRICT, INC., BREEZY POINT
COOPERATIVE, INC., CITIGROUP INC., ASTORIA
QUEENS ENTERPRISES, LLC D/B/A DII DEALS &
DISCOUNTS, FIFTH AVENUE ASSOCIATION
BUSINESS IMPROVEMENT DISTRICT, INC., FSP 787
SEVENTH, LLC, MACY'S RETAIL HOLDINGS, LLC,
THE RAMAZ SCHOOL, MANHATTAN HIGH SCHOOL
FOR GIRLS, CONGREGATION BNAI JESHURUN
STARAFROLER HEBRIA, CENTRAL SYNAGOGUE,
CONGREGATION SHEIRIS ISRAEL OF BAY RIDGE,
ST. THOMAS CHURCH FIFTH AVENUE,
BLACKROCK, INC., MORGAN STANLEY, RICHMOND
MEDICAL CENTER, RAL HOSPITALITY GROUP, INC.
D/B/A PASTAVINO, COLOR IMAGE APPAREL, INC.
D/B/A ALO YOGA, NEWSMAX MEDIA, INC., CHURCH
OF THE CITY NEW YORK, BROOKFIELD
CORPORATION, YAVNEH MINYAN OF FLATBUSH,
BRONXCARE HEALTH SYSTEM, PEI MEDIA INC.,
RUDIN MANAGEMENT CO. INC., CVS HEALTH
CORPORATION, BROOKLYN BOTANIC GARDEN
CORPORATION, BROOKLYN HEIGHTS
SYNAGOGUGE, LEVY PREMIUM FOODSERVICE
LIMITED PARTNERSHIP, TASHKENT SUPERMARKET
LLC, MESIVTA YESHIVA RABBI CHAIM BERLIN,
THE BROOKLYN TABERNACLE, FANCY FARMS NY,
LLC D/B/A OKKA FOODS MARKET, TEMPLE
SHAARAY TEFILA, PARAMOUNT GROUP, INC.,
CONGREGATION OHAV SHOLOM, CONGREGATION

EMANU-EL OF THE CITY OF NEW YORK D/B/A TEMPLE EMANU-EL, TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, THE JEWISH MUSEUM, MONROE UNIVERSITY, LTD. F/K/A MONROE COLLEGE, NEW WATER STREET CORP., NEW YORK HISTORICAL SOCIETY, REGO PARK JEWISH VENTER, SALANTER AKIBA RIVERDALE ACADEMY D/B/A SAR ACADEMY, ISRAEL CENTER OF CONSERVATIVE JUDAISM, INC., THE YOUNG MEN'S AND YOUNG WOMEN'S HEBREW ASSOCIATION D/B/A 92ND ST. Y, YESHIVA HAR TORAH, HINES INTERESTS LIMITED PARTNERSHIP, YESHIVA SHOLOM SCHACHNA, KEHILA KEDOSHA JANINA PRESERVATION AND CULTURAL FUND INC. D/B/A KEHILA KEDOSHA JANINA SYNAGOGUE, CIVIC CENTER SYNAGOGUE, INC., METLIFE GROUP, INC., KHAL BNEI AVROHOM YAAKOV INC., TRINITY TABERNACLE D/B/A TRINITY TABERNACLE OF GRAVESEND, YOUNG ISRAEL OF FOREST HILLS, BENJAMIN PARTNERS LLC, EO STATEN ISLAND PROPERTY OWNER LLC D/B/A EMPIRE OUTLETS, CONGREGATION ETZ CHAIM OF FLATBUSH, CONGREGATION NER MITZVAH, INC., TREECO/HYLAN LIMITED PARTNERSHIP D/B/A HYLAN COMMONS, PLAZA COLLEGE, LTD., CONGREGATION MACHANE CHODOSH, INC., QUEENS JEWISH CENTER AND TALMUD TORAH, SHOLOM SHOLOM, INC., STEPHEN WISE FREE SYNAGOGUE, RAINBOW HILL HOMEOWNERS ASSOCIATION D/B/A CELEBRATION AT RAINBOW HILL, TIME OUT FOR VALUES, INC., CONGREGATION ETZ CHAIM OF KEW GARDENS HILLS, RABBINICAL SEMINARY OF AMERICA, TEMPLE GATES OF PRAYER, THE HEBREW HOME FOR THE AGED AT RIVERDALE FOUNDATION, INC., UNITED NATIONS INTERNATIONAL SCHOOL, CONGREGATION BAITH ISRAEL ANSHEI EMES D/B/A KANE STREET SYNAGOGUE, WAGNER COLLEGE, SALESFORCE, INC., GREATER JAMAICA DEVELOPMENT CORPORATION, MANHATTAN BEACH JEWISH CENTER, SVA ALUMNI SOCIETY INC., HILLCREST JEWISH CENTER INC., CHABAD LUBAVITCH OF WEST BRIGHTON D/B/A SEA BREEZE JEWISH CENTER, ROSS DRESS FOR LESS, INC., AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., and DOES NOS. 1-100,

Defendants.

------------------------------------------------------------------------X

FANCY FARMS NY, LLC D/B/A OKKA FOODS MARKET, by their attorneys, **LAW OFFICES OF RACHEL L. KAYLIE, P. C.**, as and for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

1.      Denies each and every allegation contained in the paragraphs of the Complaint herein designated as 872, 874, 875 876, 877, 2492, 2493, 2494.

2.      Admits each and every allegation contained in each of the paragraphs of the Complaint herein designated as 873.

3.      Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations set forth in paragraphs 1-871, 878-2491, and 2495-2856.

## DEFENDANTS' AFFIRMATIVE DEFENSES

By way of further answer, defendant asserts the following affirmative and other defenses. In asserting these defenses, defendant is providing notice to plaintiffs of the defenses defendant intends to raise, and defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on defendant.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

The court lacks personal jurisdiction over defendant since it was not served with the Summons and Complaint in accordance with the applicable provisions of CPLR.

## AS AND FOR A THIRD DEFENSE

The claims contained within the Complaint, in whole or in part, are barred by the applicable statute of limitations and/or the doctrine of laches.

## AS AND FOR A FOURTH DEFENSE

Upon information and belief, the amounts sought by plaintiffs are subject to set-off.

## AS AND FOR A FIFTH DEFENSE

At all times relevant hereto, defendant acted in good faith and has not violated any rights under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A SIXTH DEFENSE

Without admitting that plaintiffs were subject to the overtime and wage hour provisions of the FLSA, or any equivalent New York State law, plaintiffs were paid properly under all applicable wage and hour laws.

## AS AND FOR A SEVENTH DEFENSE

To the extent discovery reveals plaintiffs falsely reported their hours of work and there is no evidence that defendant authorized, suffered or permitted the false reporting of hours, defendant invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by plaintiffs.

## AS AND FOR A EIGTH DEFENSE

Plaintiffs are not entitled to equitable or declaratory relief insofar as they have an adequate remedy at law.

## AS AND FOR A NINTH DEFENSE

Even if defendant has, in fact, failed to pay plaintiffs for any of the activities alleged in plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA and furthermore, such activities were not an integral and indispensable part of plaintiffs' principal

activities of employment and are not compensable.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

## AS AND FOR A ELEVENTH DEFENSE

The Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. §259 and New York Law as defendant has acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and /or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or of the New York State Department of Labor.

## AS AND FOR A TWELFTH DEFENSE

To the extent plaintiffs' federal claims fail, pendent or supplemental jurisdiction should not be exercised over any of plaintiffs' NYLL claims, and the Complaint should be dismissed in its entirety.

## AS AND FOR A THIRTEENTH DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that its acts or omissions regarding the PDP administration complied with the FLSA and NYLL. Accordingly, pursuant to 29 U.S.C. § 260 and relevant state law provisions, Defendant is not liable for liquidated, double, or punitive damages.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs' claims are barred to the extent they seek recovery for hours worked outside the standard two-year statute of limitations provided under 29 U.S.C. § 255(a). Defendant's actions were taken in good faith and without any willful, reckless, or intentional disregard of the FLSA;

therefore, the extended three-year statute of limitations for willful violations does not apply.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' claims are barred because any alleged delay in compensation was the direct result of third-party vendor billing delays governed by the administrative rules of the Paid Detail Program, over which Defendant did not exercise exclusive or immediate control.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs' claims for liquidated damages based on allegedly untimely payments fail because all earned wages have been fully compensated. Neither the FLSA nor the NYLL provides an express or implied private right of action to recover liquidated damages or statutory penalties for delayed payments where no principal wages remain unpaid at the time of filing.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiffs failed to exercise reasonable care to mitigate their damages, if any, and their right to recover against defendant should be reduced and/or eliminated due to such failure.

### AS AND FOR A EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of payment, tender, discharge, waiver and/or abandonment.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs, and the persons on whose behalf they purport to bring this action, have not pleaded facts supporting an equitable tolling of the statute of limitations and the alleged claims are not subject to same.

### AS AND FOR A TWENTIETH DEFENSE

Plaintiffs' claims ae barred, in whole or in part, to the extent the work they performed falls within exemptions, exclusions, offsets or credits, including, but not limited to, those

provided for in Sections 7 and 13 of the FLSA, 29 U.S.C. §207 and the Laws and Regulations of the State of New York.

## AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiffs are not entitled to cumulative liquidated damages with respect to their FLSA and NYLL claims. See, *Inclan v. New York Hospitality Group*, 2015 WL 1399599 (S.D.N.Y. Mar. 26, 2015).

## AS AND FOR A TWENTY-SECOND DEFENSE

Statutory penalties and damages are not recoverable because plaintiffs were paid all wages owed under the FLSA and NYLL.

## RESERVATION OF RIGHTS

The Complaint fails to describe the alleged cause(s) thereof with sufficient particularity to enable the answering defendant to determine what additional defenses it may have. Therefore, defendant reserves the right to amend its Answer as during the course of litigation. Defendant also reserves the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, defendant demands judgment dismissing the Complaint herein as against this answering defendant; granting defendant judgment in its favor and awarding interest, costs and disbursements of this action and reasonable attorney's fees; together with such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
      June 23, 2026

Yours, etc.

RACHEL L. KAYLIE, ESQ.
LAW OFFICES OF RACHEL L. KAYLIE, P.C.
Attorneys for Defendant

FANCY FARMS NY, LLC D/B/A OKKA FOODS
MARKET
1702 Avenue Z, Suite 205
Brooklyn, NY 11235
718-615-9000
rachel@kaylielaw.com

TO:   Innessa M. Huot, Esq.
      FARUQI & FARUQI, LLP
      685 Third Avenue, 26th Floor
      New York, New York 10017
      212-983-9330