**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALBERT PINEY, et al.,<br><br>             Plaintiffs,<br>        v.<br><br>CITY OF NEW YORK, et al.,<br><br>             Defendants. | Civil Case No.: 1:25-cv-00671-DEH-SLC |

## ~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On May 22, 2026, Plaintiffs Randy Chow ("Chow"), Jason Mansour ("Mansour") and Michael Miron ("Miron"), on behalf of themselves and the proposed Class (collectively, "Plaintiffs"), filed a motion for preliminary approval of their Settlement with Defendant Trinity Tabernacle d/b/a Trinity Tabernacle of Gravesend ("Trinity Tabernacle" or "Defendant") (together with Plaintiffs, the "Parties"). In doing so, Plaintiffs requested certification of a Federal Rule of Civil Procedure 23 ("Rule 23") class action and final certification of the FLSA collective action, for settlement purposes only, and sought approval of a settlement on behalf of these putative class members ("Class Members"). The Court has considered Plaintiffs' request for approval of a Rule 23 class pursuant to Rule 23(e) and collective certification for settlement purposes only, and the Trinity Tabernacle Settlement Agreement, filed in its final form on May 22, 2026, and the Declaration of Innessa M. Huot ("Huot Decl."), and hereby finds and orders as follows:

**I.    Preliminary Approval of Settlement**

1.    Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Trinity Tabernacle Settlement Agreement and Release ("Trinity Tabernacle Settlement Agreement"), filed on May 22, 2026.

2.      The Court finds on a preliminary basis that the settlement memorialized in the Trinity Tabernacle Settlement Agreement falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class is appropriate.

3.      The Court finds that the Trinity Tabernacle Settlement Agreement is the result of extensive, arm's length negotiations by counsel well versed in the prosecution of wage and hour class actions.

4.      The Court grants Plaintiffs' motion for preliminary approval of the Trinity Tabernacle Settlement Agreement, Certification of the Trinity Tabernacle Settlement Class, Appointment of Class Counsel, and Approval of Plaintiffs' Notice of Settlement and Claim Form.

## II.      Certification of the Proposed Class and Collective for Settlement Purposes Only

5.      Preliminary approval of the Settlement, class and collective certification for settlement purposes, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Trinity Tabernacle Settlement Agreement, and setting the date and time of the final approval hearing.

6.      Pursuant to Rule 23(e), the Court certifies, for settlement purposes only, a Rule 23 class consisting of all current and former NYPD Officers, Detectives, Sergeants, Lieutenants, Captains, and Inspectors who worked for Trinity Tabernacle in New York State, through the Paid Detail Program (the "PDP"), at any time from January 23, 2019 through May 28, 2023.

7.      For settlement purposes only, the Court also grants final certification of the FLSA collective action consisting of all current and former NYPD Officers, Detectives, Sergeants, Lieutenants, Captains, and Inspectors who worked for Trinity Tabernacle in New York State, through the PDP, at any time from January 23, 2022 through May 28, 2023.

8.      The Court appoints Plaintiffs Chow, Mansour and Miron to represent the Trinity Tabernacle Class and finds that Plaintiffs meet all the requirements for class certification under Rule 23(a) and (b)(3).

### III.    Appointment of Plaintiffs' Counsel as Class Counsel

9.      For settlement purposes only, the Court appoints the following firm as Class Counsel because they meet all of the requirements under Rule 23(g):

> Innessa M. Huot, Esq.
> FARUQI & FARUQI, LLP
> 685 Third Avenue, 26th Floor
> New York, NY 10017
> Telephone: (212) 983-9330
> Facsimile: (212) 983-9331
> Email: ihuot@faruqilaw.com

10.     Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class's claims.

11.     Class Counsel has substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and is well-versed in wage and hour law and class action law.

12.     The work Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

### IV.    Notice

13.     The Court finds that the procedures for notifying the Rule 23 Class about the Settlement as described in the Trinity Tabernacle Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs mailing of the Settlement Notice and Claim Form in accordance with the Trinity Tabernacle Settlement Agreement.

14. The Court approves, as to form and content, the Trinity Tabernacle Settlement Notice and the Claim Form, attached to the Huot Decl. as Exhibit 2.

15. The Proposed Notice satisfies Rule 23(c)(2)(B) and adequately describes what the case is about, the definition of the Trinity Tabernacle Class, options that Class Members have, including participation in the Settlement, opting out and objecting, the release of claims, and how to obtain additional information. The proposed Settlement Notice also describes the terms of the Settlement, the potential payment of attorneys' fees and costs as well as the service payments, and provides specific information regarding the date, time, and place of the final approval hearing.

16. The Settlement Administrator is authorized to mail those documents, in substantially the form approved, after they are updated with the appropriate dates, deadlines, and amounts, consistent with the Trinity Tabernacle Settlement Agreement and this Order, to the applicable Class Members as provided in the Trinity Tabernacle Settlement Agreement.

17. Within three (3) days after the end of the Opt-Out Period, the Settlement Administrator shall file any written objection to the Settlement submitted by a Class Member who has not opted-out that is postmarked on or before the Bar Date.

**V.    Class Action Settlement Procedure**

18. The Court hereby adopts the settlement approval process as set forth in the Trinity Tabernacle Settlement Agreement.

19. The Parties are ordered to carry out the Settlement according to the terms of the Trinity Tabernacle Settlement Agreement.

20. The Court will conduct a Fairness Hearing pursuant to Rule 23(e)(2) on _____, at December 8, 2026

10:00 a.m. ET in Courtroom 18A, 500 Pearl Street, New York, NY 10007

___ a.m./p.m. for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Trinity Tabernacle

4

Settlement Agreement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and the service payments to Plaintiffs Chow, Mansour, and Miron; and (d) entering Judgment, if appropriate.  The Fairness Hearing may be continued without further notice to the Class Members.  Plaintiffs shall file their motion for final approval of the Trinity Tabernacle Settlement, and Class Counsel shall file their motion for attorneys' fees and litigation costs and expenses, and service payments within 150 days of this Order.

21.    The following dates shall govern the schedule in this action:

| | |
|---|---|
| July 31, 2026 [within thirty (30) days after the Preliminary Approval Order is entered] | Mailing of Settlement Notices and Claim Forms. |
| September 29, 2026 [60 days after the Mailing of Settlement Notices and Claim Forms] <br><br> (this is 90 days after the Preliminary Approval Order is entered) | Last day for Class Members to qualify as Authorized Claimants by filing Claim Forms to join the Settlement.  Also, the last day for Class Members to submit written objections to the Settlement. |
| October 14, 2026 [75 days after the Mailing of Settlement Notices and Claim Forms] <br><br> (this is 105 days after the Preliminary Approval Order is entered) | Last day for Class Members who did not timely receive the Settlement Notice or were unable to file the Claim Form within 60 days due to extraordinary circumstances to qualify as Authorized Claimants by filing Claim Forms to join the Settlement. |
| November 30, 2026 [150 days after the Preliminary Approval Order is entered] | Filing of all papers in support of final settlement approval with the Court. |
| December 8, 2026 at 10:00 a.m. ET [at the Court's convenience] (preferably approximately 160 days after the Preliminary Approval Order is entered) | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: July 1, 2026

_____
(Honorable Sarah L. Cave

5