UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ALBERT PINEY, ROMAN DIAZ, JOSE MARTINEZ, FREDDY SUAZO, DESMOND GRANT, M. MOSTAYEN FAYSAL, SOPHIA DALY, CHARLIE RUIZ-REYES, JAMES DIVINO, MICHAEL KMIOTEK, DEVON DAWKINS, ALEXIS YANEZ, JULIO ROSA, JAYNEL PANTOJA, CLAUDIO DIAZ, DOMINIQUE EVEILLARD, SUDAN OSORIO, RANDY CHOW, JORGE ZORRILLA, WANG TING, JUSTIN SENESE, TUHIN KHAN, TAMARA LAUZIER, JOHN RONDON, BRAYAN ANTONIO, ANNA GARLINSKA, JASON MANSOUR, ARTURO DELGADO, JOHN CANNON, MICHAEL MIRON and WADIH ABOUABDALLAH, on behalf of themselves and others similarly situated,

        Plaintiffs,

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, et al., including ISRAEL CENTER OF CONSERVATIVE JUDAISM, INC.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civil Action No.
1:25-cv-00671-JMF-SLC

**ANSWER OF DEFENDANT ISRAEL CENTER OF CONSERVATIVE JUDAISM, INC. TO THE THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

 JURY TRIAL DEMANDED

Defendant Israel Center of Conservative Judaism, Inc. ("Israel Center"), by its attorneys, Capell Barnett Matalon & Schoenfeld LLP, answering the Third Amended Class and Collective Action Complaint (the "Complaint") on its own behalf only, states as follows.

Except as expressly admitted herein, Israel Center denies each and every allegation of the Complaint. Israel Center answers only those allegations directed at it and, where an allegation is directed at defendants generally, only insofar as such allegation purports to relate to Israel Center.

As a preliminary matter, the Complaint names approximately one hundred eighty defendants and alleges wage-payment claims arising out of the New York City Police Department Paid Detail Program (the "PDP" or the "Program"). The overwhelming majority of the Complaint's allegations are directed at the City of New York and the New York City Police Department ("NYPD") (together, the "NYPD Defendants"), or at other named "Vendor" defendants and their premises, personnel, and pay practices, and are not directed at Israel Center. To the extent any allegation of the Complaint is directed at a defendant other than Israel Center, or concerns the conduct, premises, policies, or pay practices of any defendant other than Israel Center, no response from Israel Center is required. To the extent a response is nonetheless deemed required, Israel Center denies knowledge or information sufficient to form a belief as to the truth of any such allegation.

Subject to and without waiving the foregoing, Israel Center responds to the specifically numbered allegations of the Complaint as follows. Paragraph numbers below correspond to the numbered paragraphs of the Complaint.

## AS TO THE "NATURE OF THE CLAIMS"

1–7. The allegations set forth in Paragraphs 1 through 7 of the Complaint purport to characterize the nature of this action and state legal conclusions to which no response is required. To the extent those paragraphs are directed at Israel Center, they are denied. To the extent they are directed at any other defendant, no response is required, and Israel Center denies knowledge or information sufficient to form a belief as to the truth of such allegations.

## AS TO "JURISDICTION AND VENUE"

8–10. The allegations set forth in Paragraphs 8 through 10 of the Complaint state legal conclusions concerning subject-matter jurisdiction and venue to which no response is required.

To the extent a response is required, Israel Center does not contest that this Court has subject-matter jurisdiction over the federal claim asserted or that venue is laid in this District, but denies that it has committed any act or omission giving rise to liability, and respectfully reserves all defenses, including as to personal jurisdiction to the extent applicable and the exercise of supplemental jurisdiction over the state-law and city-law claims.

AS TO THE "PARTIES"

**A.    Plaintiffs**

11–72. The allegations set forth in Paragraphs 11 through 72 of the Complaint concern the residency and purported employment of the named plaintiffs.  Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning each plaintiff's residency.  Israel Center denies that any plaintiff was an "employee" of Israel Center within the meaning of the Fair Labor Standards Act, the New York Labor Law, the Freelance Isn't Free Act, or any other statute or regulation, and denies each allegation that characterizes any plaintiff as its employee.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 11 through 72.

**B.    Defendants**

73–943.    The allegations set forth in Paragraphs 73 through 943 of the Complaint concern the NYPD Defendants and Vendor defendants other than Israel Center.  These allegations are not directed at Israel Center, and no response from Israel Center is required.  To the extent a response is deemed required, Israel Center denies knowledge or information sufficient to form a belief as to the truth of such allegations.

**Defendant Israel Center of Conservative Judaism, Inc. (Complaint ¶¶ 944–949)**

944.    Admits that Israel Center is a domestic religious corporation located at 167-11 73rd Avenue, Fresh Meadows, New York 11366.

945.    Admits that Israel Center has participated in the NYPD's Paid Detail Program.

946.    Denies the allegations set forth in Paragraph 946, and specifically denies that Israel Center controlled or directed the terms of employment or compensation of the plaintiffs or of any person similarly situated.

947.    Denies the allegations set forth in Paragraph 947, and specifically denies that Israel Center established, implemented, disseminated, or controlled any employment policy applicable to the plaintiffs or to any person similarly situated, including any policy concerning timekeeping, work allocation, task supervision, monitoring of work product, or payroll.

948.    Denies the allegations set forth in Paragraph 948, and specifically denies that Israel Center maintained or exercised authority to hire, fire, discipline, or promote the plaintiffs or any person similarly situated.

949.    Denies the allegations set forth in Paragraph 949, and specifically denies that Israel Center was an "employer" or "hiring party" of the plaintiffs or of any person similarly situated within the meaning of any relevant statute or regulation. The allegation that Israel Center was an "employer" or "hiring party" states a legal conclusion to which no further response is required.

**Other Defendants**

950–1299.    The allegations set forth in Paragraphs 950 through 1299 of the Complaint concern Vendor defendants other than Israel Center.  These allegations are not directed at Israel Center, and no response from Israel Center is required.  To the extent a response is deemed

required, Israel Center denies knowledge or information sufficient to form a belief as to the truth of such allegations.

## AS TO THE GENERAL AND FACTUAL ALLEGATIONS

1300–2554.    The allegations set forth in Paragraphs 1300 through 2554 of the Complaint concern the operation of the NYPD Paid Detail Program, the conduct and pay practices of the NYPD Defendants, and the work purportedly performed by plaintiffs at premises of Vendor defendants other than Israel Center.  Except as specifically addressed below, these allegations are not directed at Israel Center, and no response from Israel Center is required.  To the extent any such allegation is directed at Israel Center or purports to relate to it, it is denied.  To the extent a response is otherwise deemed required, Israel Center denies knowledge or information sufficient to form a belief as to the truth of such allegations.

**Allegations as to Israel Center (Complaint ¶¶ 2555–2557)**

2555.    Denies the allegations set forth in Paragraph 2555, including each of the twelve enumerated subparts, and specifically denies that Israel Center jointly or otherwise supervised or controlled the terms of any plaintiff's employment, directed any plaintiff as to the performance of work, established or enforced any policy, regulation, or standard of conduct or appearance, or otherwise exercised control over any plaintiff or officer.

2556.    Denies the allegations set forth in Paragraph 2556.  Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any shift purportedly worked by plaintiff Anna Garlinska on October 3, 2024 or the timing of any payment to her, and on that basis denies the same.  Israel Center further denies that it employed plaintiff Anna Garlinska, was responsible for the payment of her wages, or was the cause of any purported delay in payment.

2557.    Denies the allegations set forth in Paragraph 2557, and specifically denies knowledge or information sufficient to form a belief as to the truth of any allegation concerning statements purportedly made by other unidentified officers, and on that basis denies the same.

**Allegations as to Other Vendor Defendants**

2558–2731.    The allegations set forth in Paragraphs 2558 through 2731 of the Complaint concern Vendor defendants other than Israel Center.  These allegations are not directed at Israel Center, and no response from Israel Center is required.  To the extent a response is deemed required, Israel Center denies knowledge or information sufficient to form a belief as to the truth of such allegations.

## AS TO THE "FLSA COLLECTIVE ACTION ALLEGATIONS"

2732–2739.    The allegations set forth in Paragraphs 2732 through 2739 of the Complaint state legal conclusions concerning the propriety of collective treatment under 29 U.S.C. § 216(b) to which no response is required.  To the extent a response is required, Israel Center denies that this action may properly proceed as a collective action as against Israel Center, denies that any plaintiff is similarly situated to Israel Center's purported employees, denies that Israel Center acted willfully or unlawfully, and denies each allegation directed at or purporting to relate to Israel Center.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE "CLASS ACTION ALLEGATIONS"

2740–2774.    The allegations set forth in Paragraphs 2740 through 2774 of the Complaint state legal conclusions concerning the propriety of class treatment under Rule 23 of the Federal Rules of Civil Procedure to which no response is required.  To the extent a response is required, Israel Center denies that this action may properly be maintained as a class action as against Israel

Center, denies that the requirements of numerosity, commonality, typicality, adequacy, or the requirements of Rule 23(b) are or can be satisfied as to Israel Center, and denies each allegation directed at or purporting to relate to Israel Center.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE FIRST CAUSE OF ACTION

### (FLSA – Late Payment of Wages – Against All Defendants)

2775–2782.    Answering the First Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein. The allegations of Paragraphs 2775 through 2782 state legal conclusions to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it is an employer of any plaintiff or member of the putative collective under the FLSA, denies that it failed to pay any wages when due, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative collective are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE SECOND CAUSE OF ACTION

### (FLSA – Failure to Pay Minimum Wage – Against All Defendants)

2783–2790.    Answering the Second Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein.  The allegations of Paragraphs 2783 through 2790 state legal conclusions to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it is an employer of any plaintiff or member of the putative collective under the FLSA, denies that it failed to pay any minimum wage owed, denies that it acted willfully or deliberately,

and denies that plaintiffs or the putative collective are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### AS TO THE THIRD CAUSE OF ACTION

### (NYLL – Late Payment of Wages – Against the Vendors)

2791–2798.    Answering the Third Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein.  The allegations of Paragraphs 2791 through 2798 state legal conclusions to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it is an employer of any plaintiff or member of the putative class under the New York Labor Law, denies that it failed to pay any wages when due, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative class are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### AS TO THE FOURTH CAUSE OF ACTION

### (NYLL – Failure to Pay Minimum Wage – Against the Vendors)

2799–2806.    Answering the Fourth Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein.  The allegations of Paragraphs 2799 through 2806 state legal conclusions to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it is an employer of any plaintiff or member of the putative class under the New York Labor Law, denies that it failed to pay any minimum wage owed, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative class are entitled to any relief from Israel

Center whatsoever. Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE FIFTH CAUSE OF ACTION

### (NYLL – Failure to Pay All Wages Owed – Against the Vendors)

2807–2814. Answering the Fifth Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein. The allegations of Paragraphs 2807 through 2814 state legal conclusions to which no response is required. To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it is an employer of any plaintiff or member of the putative class under the New York Labor Law, denies that it failed to pay any wages owed at any established rate, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative class are entitled to any relief from Israel Center whatsoever. Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE SIXTH CAUSE OF ACTION

### (NYLL – Failure to Provide Notices of Pay Rate – Against the Vendors)

2815–2824. Answering the Sixth Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein. The allegations of Paragraphs 2815 through 2824 state legal conclusions, including the recitation and quotation of NYLL § 195(1)(a), to which no response is required. To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it was required to furnish any plaintiff or class member with a Notice of Pay Rate, denies that it failed to provide any such notice, denies that any plaintiff or class member suffered any concrete harm attributable to Israel Center, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative class

are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE SEVENTH CAUSE OF ACTION

### (NYLL – Inaccurate Wage Statements – Against the Vendors)

2825–2834.    Answering the Seventh Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein.  The allegations of Paragraphs 2825 through 2834 state legal conclusions, including the recitation and quotation of NYLL § 195(3), to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it was required to furnish any plaintiff or class member with wage statements, denies that it failed to provide accurate wage statements, denies that any plaintiff or class member suffered any concrete harm attributable to Israel Center, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative class are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE EIGHTH CAUSE OF ACTION

### (FIFA – Late Payment of Compensation – Against the Vendors, in the Alternative)

2835–2845.    Answering the Eighth Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein.  The allegations of Paragraphs 2835 through 2845 state legal conclusions to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it was a "hiring party" of any plaintiff or class member or that any plaintiff or class member was a "freelance worker" as to Israel Center within the meaning of the Freelance Isn't Free Act, denies that it failed to pay any contracted compensation when due, denies that it acted

willfully or deliberately, and denies that plaintiffs or the putative class are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE NINTH CAUSE OF ACTION

### (FIFA – Failure to Pay All Compensation – Against the Vendors, in the Alternative)

2846–2856.    Answering the Ninth Cause of Action, Israel Center repeats and realleges each of its foregoing responses as if fully set forth herein.  The allegations of Paragraphs 2846 through 2856 state legal conclusions to which no response is required.  To the extent a response is required, Israel Center denies each allegation directed at or purporting to relate to Israel Center, denies that it was a "hiring party" of any plaintiff or class member or that any plaintiff or class member was a "freelance worker" as to Israel Center within the meaning of the Freelance Isn't Free Act, denies that it failed to pay any contracted compensation, denies that it acted willfully or deliberately, and denies that plaintiffs or the putative class are entitled to any relief from Israel Center whatsoever.  Except as so stated, Israel Center denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO THE "PRAYER FOR RELIEF"

Israel Center denies that plaintiffs, the putative FLSA collective, or the putative class are entitled to any of the relief requested in the "Wherefore" clause and subparagraphs of the Prayer for Relief, or to any relief whatsoever from Israel Center, and respectfully requests that the Complaint be dismissed as against Israel Center in its entirety, with prejudice.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, and reserving the right to amend or supplement these defenses as discovery proceeds, Israel Center asserts the following

separate and additional defenses.  By asserting these defenses, Israel Center does not concede that it bears the burden of proof or persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against Israel Center.

## SECOND AFFIRMATIVE DEFENSE

Israel Center was not an "employer" or joint employer of the plaintiffs or of any member of the putative collective or class within the meaning of the Fair Labor Standards Act or the New York Labor Law, and did not employ, control, supervise, or direct the plaintiffs or any officer assigned through the Paid Detail Program, under the economic-realities test or any other applicable standard.

## THIRD AFFIRMATIVE DEFENSE

Israel Center was not a "hiring party" and the plaintiffs were not "freelance workers" as to Israel Center within the meaning of the Freelance Isn't Free Act, and the officers assigned through the Paid Detail Program are not covered by that statute as against Israel Center.

## FOURTH AFFIRMATIVE DEFENSE

The wages, if any, owed to the plaintiffs and members of the putative collective and class for their Paid Detail Program work were the responsibility of the City of New York and the New York City Police Department, which administered the PDP, collected the participating vendors' payments, and disbursed compensation to the officers; any failure to pay wages when due, which Israel Center denies, is not attributable to Israel Center.

## FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the applicable statutes of limitations, including the two-year limitations period under the Fair Labor Standards Act for non-willful violations.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Israel Center acted in good faith and had reasonable grounds for believing that its conduct complied with the Fair Labor Standards Act, the New York Labor Law, and the Freelance Isn't Free Act; accordingly, the plaintiffs and the putative collective and class are not entitled to liquidated damages, and any recovery under the Fair Labor Standards Act is limited to the two-year limitations period.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred or limited to the extent the plaintiffs and members of the putative collective and class were paid all wages and compensation to which they were entitled for work performed at Israel Center's premises.

## EIGHTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a collective action under 29 U.S.C. § 216(b) or as a class action under Rule 23 of the Federal Rules of Civil Procedure as against Israel Center, because the plaintiffs are not similarly situated to, and their claims are not typical of, the members of the putative collective or class as to Israel Center, and individualized questions concerning employment status, hours, and payment predominate.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred or limited, in whole or in part, by the doctrines of payment, setoff, accord and satisfaction, waiver, estoppel, and release to the extent applicable.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims under the Freelance Isn't Free Act are pleaded in the alternative to their claims under the Fair Labor Standards Act and the New York Labor Law and are precluded to the extent the plaintiffs are found to have been employees rather than freelance workers.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent the plaintiffs seek to impose liability on Israel Center for the conduct, policies, or pay practices of the City of New York, the New York City Police Department, or any other defendant, such claims are barred because Israel Center is not responsible for the acts or omissions of those parties.

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiffs and members of the putative collective and class have not sustained, and cannot establish, any concrete injury attributable to Israel Center sufficient to confer standing to pursue their statutory-penalty claims, including their claims for failure to provide Notices of Pay Rate and accurate wage statements under the New York Labor Law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred or limited to the extent that Israel Center is a religious corporation and that the application of the statutes invoked to the relationship alleged is limited by applicable law.  To the extent plaintiffs seek relief that would require inquiry into or regulation of Israel Center's religious governance, membership, worship, or internal religious affairs, such claims are barred or limited by applicable constitutional and statutory protections

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Israel Center are subject to dismissal, decertification, or denial of certification because no named plaintiff has alleged facts sufficient to establish a representative claim against Israel Center on behalf of any collective or class.

## FIFTEENTH AFFIRMATIVE DEFENSE

Israel Center reserves the right to rely upon any defense asserted by any co-defendant to the extent discovery shows that such defense is applicable to Israel Center and not inconsistent with Israel Center's defenses.

Israel Center reserves the right to assert such additional and further affirmative defenses as may become available or apparent during the course of discovery and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, defendant Israel Center of Conservative Judaism, Inc. respectfully requests that the Court enter judgment:

(a)    dismissing the Third Amended Complaint as against Israel Center in its entirety, with prejudice;

(b)    denying certification of any collective or class as against Israel Center;

(c)    awarding Israel Center its costs and disbursements, including reasonable attorneys' fees, to the extent permitted by law; and

(d)    granting such other and further relief as the Court deems just and proper.

Dated: July 9, 2026

Respectfully submitted,

**CAPELL BARNETT MATALON
& SCHOENFELD LLP**

By: _____
    Travis Tatko (TT7349)
    14 Penn Plaza, Suite 814
    New York, New York 10122
    212-661-1144
    TTatko@cbmslaw.com

Attorneys for Defendant
Israel Center of Conservative Judaism, Inc.