UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT PINEY, et al.,<br><br>     Plaintiffs,<br><br>       -against-<br><br>CITY OF NEW YORK, et al.,<br><br>     Defendants. | Civil Action No. 25-cv-00671 (DEH) |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GRAND CENTRAL PARTNERSHIP'S MOTION TO DISMISS

---

Paul R. Piccigallo
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
Telephone:    212.583.9600
Facsimile:    212.832.2719
ppiccigallo@littler.com

Joseph A. Gusmano
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
Telephone:    631.247.4700
Facsimile:    631.293.4526
jgusmano@littler.com

Attorneys for Defendant Grand Central
Partnership

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ......................................... 2

ARGUMENT ............................................................................................................. 4

I.      PLAINTIFFS' FAILURE TO TIMELY SERVE GCP WITH
SUMMONS AND COMPLAINT WARRANTS DISMISSAL ................................. 4

II.     PLAINTIFFS' MARCH 2026 ATTEMPTED SERVICE OF THE TAC
VIA CERTIFIED MAIL IS INSUFFICIENT ............................................... 6

III.    GCP STILL HAS NOT BEEN ADEQUATELY SERVED TO DATE ..................... 7

IV.    AN EXTENSION OF TIME TO SERVE GCP IS UNWARRANTED ...................... 7

         A.     Plaintiffs Cannot Demonstrate Good Cause for Their Failure to
Serve GCP ........................................................................................ 8

         B.     The Court Should Not Grant Plaintiffs a Discretionary Extension
of Time to Serve GCP ...................................................................... 9

CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bolden v. City of Topeka, Kan.*,
  441 F.3d 1129 (10th Cir. 2006) ...................................................................................5

*Brookliv LLC v. David Meehan*,
  No. 21-cv-7178 (RPK)(RER), 2022 U.S. Dist. LEXIS 85244 (E.D.N.Y. May
  11, 2022) ......................................................................................................................6

*Brown v. Dalton*,
  18-CV-00799, 2019 U.S. Dist. LEXIS 85541 (W.D.N.Y. May 20, 2019) ...............10

*Cassano v. Altshuler*,
  186 F. Supp. 3d 318 (S.D.N.Y. 2016) .........................................................................4

*Conway v. Am. Red Cross*,
  CV 10-1859, 2010 U.S. Dist. LEXIS 120512 (E.D.N.Y. Nov. 15, 2010) ...............7, 9

*Dynegy Midstream Servs. v. Trammochem*,
  451 F.3d 89 (2d Cir. 2006) ..........................................................................................3

*Eastern Refractories Co. v. Forty Eight Insulations, Inc.*,
  187 F.R.D. 503 (S.D.N.Y. 1999) .................................................................................8

*George v. Pro Disposables Int'l, Inc.*,
  221 F. Supp. 3d 428 (S.D.N.Y. 2016) .........................................................................4

*Georgiadis v. First Bos. Corp.*,
  167 F.R.D. 24 (S.D.N.Y. 1996) ...................................................................................9

*Gowan v. Teamsters Union (23) Local 840*,
  170 F.R.D. 356 (S.D.N.Y. 1997) .................................................................................8

*Kaden v. Chamisa Arts, Inc.*,
  EP-15-CV-146-DB, 2016 U.S. Dist. LEXIS 92814 (W.D. Tex. Jul. 15, 2016) .........4

*M.C. v. Cty. Of Westchester*,
  No. 16-cv-3013 (NSR), 2018 U.S. Dist. LEXIS 28810 (S.D.N.Y. Feb. 21,
  2018) .............................................................................................................................9

*Midwest Regional Bank v. STT Acquisition, Inc. et al.*,
  8:25-cv-00590-JSM-AAS, 2025 U.S. Dist. LEXIS 170882 (M.D. Fl. Sep. 3,
  2025) ..........................................................................................................................5, 6

*Saregama India, Ltd. v. Mosely*,
   12-mc-45-P1, 2012 U.S. Dist. LEXIS 39322 (S.D.N.Y. Mar. 20, 2012) ...................................7

*Scoles v. Cox*,
   3:25-cv-719-K-BN, 2025 U.S. Dist. LEXIS 183501 (N.D. Tex. Jul. 05, 2025) ......................5

*Shipco Transp. v. All Round Express, Inc.*,
   23 Civ. 01374 (JHR), 2024 U.S. Dist. LEXIS 17054 (S.D.N.Y. Jan. 31, 2024)......................8

*Staley v. City of Buffalo*,
   1:22-cv-620, 2024 U.S. Dist. LEXIS 92037 (W.D.N.Y. May 22, 2024) ...................................4

*Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co.*,
   No. 13 Civ. 7639 (LTS), 2016 WL 3926449 (S.D.N.Y. July 15, 2016)...................................4

*Wersant v. Dilligent Legal Sevs. Of Fla., LLC*,
   2:25-cv-05846, 2026 U.S. Dist. LEXIS 66883 (E.D.N.Y. Jan. 28, 2026)................................6

*Zapata v. The City of New York*,
   502 F.3d 192 (2d Cir. 2007)...................................................................................................8

**Statutes**

29 U.S.C. § 255...........................................................................................................................10

N.Y. LAB. LAW § 198(3) ..............................................................................................................10

**Other Authorities**

CPLR § 311(a)(1) ..........................................................................................................................7

CPLR § 312-a ................................................................................................................................7

Fed. R. Civ. P. 4(b) .......................................................................................................................3

Fed. R. Civ. P.  4(e)(1)...................................................................................................................6

Fed. R. Civ. P.  4(h) .......................................................................................................................5

Fed. R. Civ. P. 4(h)(1)(A) ..............................................................................................................6

Fed. R. Civ. P. 4(h)(1)(B) ..............................................................................................................5

Defendant Grand Central Partnership, by and through its attorneys, Littler Mendelson, P.C., hereby submits this Memorandum of Law in support of its Motion to Dismiss.

## PRELIMINARY STATEMENT

Plaintiffs—NYPD officers asserting wage-and-hour claims under the FLSA and NYLL—have never properly served Grand Central Partnership ("GCP"), despite adding it as a Defendant more than sixteen months ago. Plaintiffs were required to serve GCP within 90 days of the filing of the First Amended Complaint ("FAC"), yet failed to do so and have not effectuated valid service to date. The only purported attempt at timely service—delivery of the second summons and Second Amended Complaint ("SAC") to an "Intake Specialist" at 28 Liberty Street—was ineffective because that individual is not authorized to accept service on GCP's behalf, and GCP has no connection to that address. Courts routinely reject such unsupported assertions of agency, and Plaintiffs' reliance on this defective attempt cannot satisfy Rule 4.

Plaintiffs' subsequent effort to serve GCP fares no better. More than a year after adding GCP as a Defendant, Plaintiffs attempted to serve the TAC by certified mail, an approach that is plainly insufficient under both the Federal Rules and New York law. At no point have Plaintiffs personally served any GCP officer or authorized agent, served the Secretary of State, or complied with New York statutory procedures for service by mail with acknowledgment. Nor can Plaintiffs demonstrate good cause, or any colorable excuse, for their prolonged failure to serve GCP, particularly where service could have been easily effectuated at GCP's office located just blocks from Plaintiffs' counsel's office. Plaintiffs' delay has prejudiced GCP and deprived it of timely notice of the claims asserted against it. Under these circumstances, and given Plaintiffs' repeated failure to comply with governing service requirements or seek an extension, dismissal of the TAC as against GCP is warranted.

1

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Founded in 1985, Grand Central Partnership is a domestic not-for-profit business improvement district in midtown Manhattan. *See* Declaration of Marc Wurzel in Support of Defendant Grand Central Partnership's Motion to Dismiss ("Wurzel Decl."), dated July 6, 2026, ¶ 3. GCP delivers year-round supplemental sanitation, horticulture, community programming, and capital improvement and maintenance services within the Grand Central Business Improvement District in Midtown Manhattan. *Id.* GCP's office is located at 122 East 42nd Street, New York, NY 10168.[1] *Id.* at ¶ 4.

Plaintiffs commenced this action against the New York Police Department ("NYPD"), the City of New York (collectively, the "City Defendants"), and approximately two dozen unrelated businesses operating within the City of New York (collectively, the "Vendor Defendants") on January 23, 2025. In the Complaint, Plaintiffs (NYPD Officers) allege that the City Defendants and the Vendor Defendants jointly employed them and deprived them of wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See* ECF Dkt. No. 1.[2]

On February 13, 2025, Plaintiffs filed their First Amended Complaint ("FAC"), adding GCP and approximately seventy new Defendants to the action. *See* ECF Dkt. No. 33. One day later, Plaintiffs requested summons for GCP and the other new Defendants. *See* ECF Dkt. No. 43. On February 19, 2025, the Court issued summons to GCP and the other new Defendants. *See* ECF Dkt. No. 79. However, Plaintiffs did not serve GCP with the summons and the FAC and never filed proof of service of the summons or the FAC as to GCP.

Less than two weeks after filing the FAC, Plaintiffs filed a Second Amended Complaint

---

[1] Plaintiffs' counsel's office is located at 685 3rd Avenue, New York, NY 10017. *See* ECF Dkt. No. 1.

[2] GCP was not a party to the action as originally filed. *Id.*

("SAC"), again adding new Defendants to the action. *See* ECF Dkt. No. 91. The Court issued a second summons as to GCP on February 27, 2025. *See* ECF Dkt. No. 119. However, GCP was never served with the second summons and the SAC. On March 24, 2025, Plaintiffs filed an affirmation of service, dated March 19, 2025, stating that an "Intake Specialist" named Joseph McCabe (who appears to be employed by CT Corp., a provider of service agent services) was personally served the second summons and the SAC at 28 Liberty Street, New York, NY 10004. *See* ECF Dkt. No. 279. GCP does not have an agent, registered or otherwise, for service at 28 Liberty Street (*see* Wurzel Decl., ¶ 10), does not have (and has never had) any agency relationship with Mr. McCabe or CT Corp. (*id.* at ¶¶ 11-12), and never received a copy of the second summons and the SAC from Mr. McCabe, CT Corp., or anyone else. *Id.* at ¶ 14.

Over one year later, on March 11, 2026, Plaintiffs filed a Third Amended Complaint ("TAC") adding additional Defendants, bringing the total to approximately 180. *See* ECF Dkt. No. 631. Pursuant to the Court's Order dated February 6, 2026, Plaintiffs had until April 10, 2026, to "file proof of service of the TAC on the newly added defendants." *See* ECF Dkt. No. 615. Even though GCP was not a newly added Defendant, on April 10, 2026, Plaintiffs filed an affirmation of service certifying that GCP (and four other Vendor Defendants) were served via "First Class Certified U.S.P.S. Mail" on March 27, 2026. *See* ECF Dkt. No. 774. To date, GCP has not been properly served. Accordingly, the TAC should be dismissed as against GCP.

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(b). "If a defendant is not served

3

within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must** dismiss the action with prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

"Rule 12(b)(5) permits a party to move for dismissal of a complaint based on inadequate service of process." *George v. Pro Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). In considering a Rule 12(b)(5) motion, the Court "must look[] to matters outside of the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016). Once the sufficiency of service of process is challenged, Plaintiffs bear the burden to show the adequacy of service. *See Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co.*, No. 13 Civ. 7639 (LTS), 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016). Thus, it is Plaintiffs burden of proof to establish that service of process was proper.

## **ARGUMENT**

I. **PLAINTIFFS' FAILURE TO TIMELY SERVE GCP WITH SUMMONS AND COMPLAINT WARRANTS DISMISSAL**

Plaintiffs' failure to serve GCP within 90 days of the filing of the FAC makes this action ripe for dismissal. Under Rule 4, Plaintiffs were first obligated to serve GCP with a summons and complaint when GCP was added as a Defendant via the filing of the FAC on February 13, 2025. *Kaden v. Chamisa Arts, Inc.*, EP-15-CV-146-DB, 2016 U.S. Dist. LEXIS 92814, at *8 (W.D. Tex. July 15, 2016) ("if an amended complaint names a new defendant, the plaintiff must serve that defendant with the summons and amended complaint in compliance with Rule 4."). To survive dismissal pursuant to Rule 4(m) and 12(b)(5), Plaintiffs must have served GCP within 90 days of the filing of the FAC—May 14, 2025.[3] Plaintiffs failed to do so, and still have not served GCP as

---

[3] The subsequent filing of the SAC (or the TAC) did not reset the May 14, 2025, deadline to serve GCP. *See Staley v. City of Buffalo*, 1:22-cv-620, 2024 U.S. Dist. LEXIS 92037, at *6-7 (W.D.N.Y. May 22, 2024) (acknowledging that the filing of an amended complaint does not restart the 90-day clock for plaintiffs to serve defendants named in the

of the date of this filing.

Rule 4(h) sets the requirements for service upon corporations. *See* Fed. R. Civ. P. 4(h). A corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

According to the docket, Plaintiffs lone attempt to serve GCP by the May 14, 2025, deadline was on March 19, 2025, when Joseph McCabe, an "Intake Specialist," allegedly accepted service of the second summons and the SAC on GCP's behalf at 28 Liberty Street. *See* ECF Dkt. No. 279. However, GCP does not have a service agent located at 28 Liberty Street. *See* Wurzel Decl., ¶ 10. Additionally, neither Mr. McCabe nor CT Corp. are authorized agents for GCP. *Id.* at ¶¶ 11-12. To compound the issue, GCP never received the second summons or the SAC from Mr. McCabe, CT Corp., or any other person or company. *Id.* at ¶ 14. Because Mr. McCabe is not GCP's agent, the service of the second summons and the SAC upon him is defective.

This is not the first time that Mr. McCabe's purported acceptance of service on behalf of a company has been litigated and rejected by courts. Indeed, in *Midwest Regional Bank v. STT Acquisition, Inc. et al.*, the plaintiff moved for default against American Express National Bank ("AMEX"). *See Midwest Regional Bank v. STT Acquisition, Inc. et al.*, 8:25-cv-00590-JSM-AAS, 2025 U.S. Dist. LEXIS 170882, at *1 (M.D. Fla. Sep. 3, 2025). In support of the motion, the plaintiff relied upon the affidavit of service as to AMEX, which stated that Intake Specialist Joseph

---

original complaint); *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"); *Scoles v. Cox*, 3:25-cv-719-K-BN, 2025 U.S. Dist. LEXIS 183501, at *2-3 (N.D. Tex. July 5, 2025) (same in 90-day form).

McCabe accepted service on behalf of AMEX at 28 Liberty Street. *Id.* at *1-2. The Court scrutinized the affidavit of service and ultimately denied the motion for default, holding that the affidavit of service was insufficient to establish that Mr. McCabe was AMEX's agent under federal, Florida, and New York law. *Id.* at *1-5. Based on the barebones affirmation of service filed by Plaintiffs here and GCP's declaration regarding its lack of an agency relationship with Mr. McCabe, the Court must deem the service upon Mr. McCabe defective.

Since the service upon Mr. McCabe is defective and Plaintiffs made no other efforts to timely serve GCP, GCP's motion to dismiss should be granted. *See, e.g., Brookliv LLC v. David Meehan*, No. 21-cv-7178 (RPK)(RER), 2022 U.S. Dist. LEXIS 85244, at *1-3 (E.D.N.Y. May 11, 2022) (dismissing action due to the plaintiff's failure to timely serve the defendant); *Wersant v. Dilligent Legal Sevs. of Fla., LLC*, 2:25-cv-05846, 2026 U.S. Dist. LEXIS 66883, at *10 (E.D.N.Y. Jan. 28, 2026) (same), *report and recommendation adopted*, 2026 U.S. Dist. LEXIS 47137 (E.D.N.Y. Mar. 5, 2026). Accordingly, this action should be dismissed against GCP due Plaintiffs' failure to timely serve GCP.

## II.    PLAINTIFFS' MARCH 2026 ATTEMPTED SERVICE OF THE TAC VIA CERTIFIED MAIL IS INSUFFICIENT

Notwithstanding that Plaintiffs' deadline to serve GCP had long passed, Plaintiffs' March 27, 2026, attempt to serve GCP with the summons and the TAC via certified mail is also legally inadequate and deserving of dismissal.

In addition to personal service, Rule 4 states that a corporation may also be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which permits service in accordance with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). Under the New York Civil Practice Law and Rules ("CPLR"), service upon a domestic corporation like GCP may only be accomplished by (1)

6

personal service (CPLR § 311(a)(1)), (2) service via the New York Secretary of State (NY BCL § 306), or (3) service by mail with acknowledgment (CPLR § 312-a).

Neither the FRCP nor the CPLR permit service upon a corporation by sending a summons and complaint via certified mail. *See Saregama India, Ltd. v. Mosely*, 12-mc-45-P1, 2012 U.S. Dist. LEXIS 39322, at *7 (S.D.N.Y. Mar. 20, 2012) (holding service of process via certified mail insufficient under federal and New York State law); *Conway v. Am. Red Cross*, CV 10-1859 (SJF)(ARL), 2010 U.S. Dist. LEXIS 120512, at *12-13 (E.D.N.Y. Nov. 15, 2010), ("Service on a corporation solely by certified mail, return receipt requested is insufficient."), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 8340 (E.D.N.Y. Jan. 26, 2011).[4] Accordingly, Plaintiffs' attempted service via certified mail is defective.

## III.    GCP STILL HAS NOT BEEN ADEQUATELY SERVED TO DATE

To date, none of GCP's officers or agents were personally served (Wurzel Decl. ¶ 18), GCP has not received a copy of any summons or complaint from the New York Secretary of State (*id.* at ¶ 8,), and Plaintiffs have not attempted nor completed service pursuant to CPLR § 312-a. *Id.* at ¶¶ 15-18.  Therefore, Plaintiffs have not adequately served GCP to date, and the action must be dismissed. *See* Fed. R. Civ. P. 4(m).

## IV.    AN EXTENSION OF TIME TO SERVE GCP IS UNWARRANTED

The Court should not permit Plaintiffs additional time to serve GCP because Plaintiffs have inexplicably delayed service upon GCP for more than one year after filing the FAC. Rule 4(m) governs requests for extensions of time in which service may be effected. *See* Fed. R. Civ. P. 4(m). While Courts must extend the deadline to serve a defendant if a plaintiff can demonstrate "good cause" for the delay, "good cause" only occurs in "exceptional circumstances where the plaintiff's

---

[4] While service of amended pleadings and motion papers may be done via certified mail pursuant to the CPLR, service of a summons and complaint via certified mail cannot.

failure to serve process in a timely manner was the result of circumstances beyond its control." *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999). Additionally, while Courts have discretion to extend the deadline for a plaintiff to serve a defendant absent "good cause," Courts routinely refuse to grant extensions where a plaintiff advances no colorable excuse for failing to timely serve the defendant. *See Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (explaining that the plaintiff must advance some colorable excuse for neglect before a dismissal for failure to timely serve may be overturned for abuse of discretion). Plaintiffs cannot demonstrate good cause nor a colorable excuse for failing to serve GCP on or before May 14, 2025 (or at all).

### A. Plaintiffs Cannot Demonstrate Good Cause for Their Failure to Serve GCP

Courts generally consider three factors to determine whether good cause exists: (1) whether the delay resulted from inadvertence or whether reasonable efforts to effect service have occurred; (2) prejudice to the defendant; and (3) whether the plaintiffs have moved for an extension of time to effect service. *See Gowan v. Teamsters Union (23) Local 840*, 170 F.R.D. 356, 359-60 (S.D.N.Y. 1997).

All three factors weigh against finding good cause for Plaintiffs' failure to timely serve GCP. First, Plaintiffs and their counsel failed to exercise any reasonable efforts to serve GCP. Plaintiff's counsel knew (or should have known) that (i) GCP does not have a registered agent at 28 Liberty Street, and (ii) sending a summons and complaint via certified mail is insufficient under federal and New York law. *See Shipco Transp. v. All Round Express, Inc.*, 23 Civ. 01374 (JHR), 2024 U.S. Dist. LEXIS 17054, at *6-8 (S.D.N.Y. Jan. 31, 2024) (finding no good cause where plaintiff made minimal efforts to serve the defendants within the 90-day period provided by Rule 4(m)). Additionally, Plaintiffs' counsel's offices are located merely two blocks away from GCP's offices, which makes personal service both simple and practical. *See* Wurzel Decl., ¶ 4; ECF Dkt.

8

No. 1. Second, GCP has been prejudiced by Plaintiffs' dilatory service efforts. Indeed, the delay impaired GCP's ability to preserve evidence, locate witnesses, and prepare an effective defense, while prolonging uncertainty and potential exposure to liability. *See Georgiadis v. First Bos. Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Third, Plaintiffs have not moved for an extension of time to serve GCP. Plaintiffs could have, yet failed to, request an extension in advance of the deadlines to serve GCP with the FAC. This undoubtedly weighs against finding good cause and granting an extension. Accordingly, there is no basis to find good cause to extend the time for Plaintiffs to serve GCP now. *See Conway*, 2010 U.S. Dist. LEXIS 120512, at *18 (recommending dismissal of complaint where *pro se* plaintiff attempted to serve defendants via certified mail). Therefore, Plaintiffs are not entitled to a mandatory extension of time to serve GCP.

### B. The Court Should Not Grant Plaintiffs a Discretionary Extension of Time to Serve GCP

In addition to first assessing whether the plaintiff made reasonable attempts to effectuate service within the prescribed period, Courts consider the following factors in assessing discretionary extension requests: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of a request for relief from Rule 4(m). *See M.C. v. Cty. Of Westchester*, No. 16-cv-3013 (NSR), 2018 U.S. Dist. LEXIS 28810, at *9 (S.D.N.Y. Feb. 21, 2018).

Here, in addition to Plaintiffs' lack of a colorable excuse for not timely serving GCP, all

9

four factors weigh against granting a discretionary extension. First, the applicable statute of limitations would not bar the refiled action.[5] Second, GCP did not receive actual notice of this action until it received Plaintiffs' certified mailing more than 10 months after the Rule 4(m) deadline to serve GCP. *See* Wurzel Decl., ¶ 15. Third, GCP has not concealed the defects in Plaintiffs' attempted service. Plaintiffs' counsel is experienced and knew or should have known that service was never effectuated against GCP. Fourth, for the reasons set forth above, GCP would be prejudiced by a discretionary extension. Accordingly, dismissal is warranted. *See, e.g., Brown v. Dalton*, 18-CV-00799, 2019 U.S. Dist. LEXIS 85541, at *8-9 (W.D.N.Y. May 20, 2019) (refusing to grant discretionary extension and dismissing action for failure to timely serve defendant). Therefore, since Plaintiffs have no excuse for failing to serve GCP and all factors weigh against a discretionary extension, the action should be dismissed against GCP.

## **CONCLUSION**

In light of the foregoing, GCP respectfully requests that the Court dismiss the action against GCP without prejudice because of Plaintiff's total failure to serve GCP in accordance with the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules.

---

[5] Plaintiffs contend that GCP's violations of the FLSA were willful. *See* ECF Dkt. No. 631, ¶ 2735. The statute of limitations for claims of willful violations of the FLSA is three years. *See* 29 U.S.C. § 255. The statute of limitations for claims under Article 6 of the NYLL is six years. *See* N.Y. LAB. LAW § 198(3). The claims of four of the five Plaintiffs who specifically allege claims against GCP allegedly accrued between May 22, 2024, and April 30, 2025. *See* ECF Dkt. No. 631, ¶¶ 2035-39. The fifth Plaintiff, Desmond Grant, alleges he worked one PDP shift for GCP but does not allege the date of the shift. *Id.* at ¶ 2040. Accordingly, the claims of at least four of the five Plaintiffs that specifically assert claims against GCP would not be barred by the applicable statutes of limitations if refiled.

Dated: July 9, 2026
      New York, NY                                          LITTLER MENDELSON, P.C.


By: /s/ *Paul R. Piccigallo*
      Paul R. Piccigallo
      900 Third Avenue
      New York, NY 10022
      Telephone:      212.583.9600
      Facsimile:      212.832.2719
      ppiccigallo@littler.com

      Joseph A. Gusmano
      290 Broadhollow Road, Suite 305
      Melville, New York 11747
      Telephone:      631.247.4700
      Facsimile:      631.293.4526
      jgusmano@littler.com

      Attorneys for Defendant Grand Central
      Partnership

11