UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ALBERT PINEY *et al.,*                              **No.:1:25-cv-00671-DEH-SLC**

        Plaintiffs,                                    **(DEH/SLC)**

        v.                                             **ANSWER OF DEFENDANT HILLCREST JEWISH CENTER AND OBJECTION TO CLASS ACTION PROPOSAL**

CITY OF NEW YORK *et al.,*

        Defendants.

---------------------------------------------------------X

Hillcrest Jewish Center ("HJC"), improperly named as Hillcrest Jewish Center, Inc., by its attorney, Mark N. Reinharz, answers the Complaint herein as follows:

1.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 1 of the Complaint.

2.    Denies the allegations set forth in Paragraphs 2, 3, 4, and 5 of the Complaint, except denies knowledge or information sufficient to form a belief concerning the actions of other Vendors.

3.    Admits that the Plaintiffs seek to bring the claims described in Paragraphs 6 and 7, and denies that such claims are valid, at least with respect to HJC.

4.    Denies the allegations set forth in Paragraphs 8 and 9.

5.    Denies the allegations set forth in Paragraph 10.

1

6.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraphs 11 through 64.

7.    Denies the allegations set forth in Paragraphs 65 and 66.

8.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraphs 67 through 72.

9.    Admits the allegations set forth in Paragraphs 73 through 83.

10.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraphs 84 through 1147.

11.    Admits the allegations set forth in Paragraph 1148.

12.    Denies the allegations set forth in Paragraph 1149, but admits that it has participated in that program in the past.

13.    Denies the allegations set forth in Paragraphs 1150, 1151, and 1152.

14.    Admits the allegations set forth in Paragraph 1153, but denies that HJC was an employer or hiring party with respect to the Plaintiffs and/or for purposes of the statutes and regulations relied upon by the Plaintiffs.

15.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraphs 1154 through 2718.

16.    Denies the allegations set forth in Paragraph 2719.

2

17.    Denies the allegations set forth in Paragraph 2720, except admits that on September 25, 2023, Plaintiff Delgado worked approximately one five-hour PDP shift at HJC.

18.    Denies the allegations set forth in Paragraph 2721.

19.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraphs 2722 through 2739.

20.    Admits that the Plaintiffs seek to bring this action as described in Paragraphs 2740 and 2741, but denies that such an action has merit with respect to HJC.

21.    Denies the allegations set forth in Paragraph 2742, but admits that the Plaintiffs so allege, and deny knowledge or information sufficient to form a belief with regard to whether the Plaintiffs may have a valid claim against some or all of the other Vendors.

22.    Denies the allegations set forth in Paragraphs 2743 through 2756.

23.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraphs 2757 through 2761.

24.    Denies the allegations set forth in Paragraphs 2762 through 2765.

25.    Denies the allegations set forth in Paragraphs 2766, except denies knowledge or information sufficient to form a belief concerning the actions of other Vendors.

3

26.     Denies the allegations set forth in Paragraphs 2767 through 2774.

27.     With respect to Paragraph 2775, repeats its responses to the referenced allegations.

28.     Denies the allegations set forth in Paragraphs 2776 through 2790, denies that the Fair Labor Standards Act applies to HJC, and denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

29.     With respect to Paragraph 2791, repeats its responses to the referenced allegations.

30.     Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2792.

31.     Denies the allegations set forth in Paragraphs 2793 through 2798, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

32.     With respect to Paragraph 2799, repeats its responses to the referenced allegations.

33.     Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2800.

34.    Denies the allegations set forth in Paragraphs 2801 through 2806, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

35.    With respect to Paragraph 2807, repeats its responses to the referenced allegations.

36.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2808.

37.    Denies the allegations set forth in Paragraphs 2809 through 2814, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

38.    With respect to Paragraph 2815, repeats its responses to the referenced allegations.

39.    Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2816.

40.    Denies the allegations set forth in Paragraphs 2817 through 2824, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

41.    With respect to Paragraph 2825, repeats its responses to the referenced allegations.

5

42. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2826.

43. Denies the allegations set forth in Paragraphs 2827 through 2834, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

44. With respect to Paragraph 2835, repeats its responses to the referenced allegations.

45. With respect to Paragraph 2836, admits that the Plaintiffs allege such claims, and denies that such claims are meritorious with respect to HJC.

46. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2837.

47. Denies the allegations set forth in Paragraphs 2838 through 2845, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

48. With respect to Paragraph 2846, repeats its responses to the referenced allegations.

49. With respect to Paragraph 2847, admits that the Plaintiffs allege such claims, and denies that such claims are meritorious with respect to HJC.

50. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in Paragraph 2848.

51.    Denies the allegations set forth in Paragraphs 2849 through 2856, except denies knowledge or information sufficient to form a belief concerning the allegations set forth in those paragraphs with respect to the other Vendors.

52.    Denies that the Plaintiffs are entitled to any of the part of the requested order with respect to HJC.

## FIRST AFFIRMATIVE DEFENSE

53.    The Complaint fails to state a cause of action against HJC upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

54.    The Complaint is barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

55.    Every Plaintiff has been paid in full for all work performed at HJC, and thus no Plaintiff has suffered any real injury with respect to that work and the payment therefor.

## FOURTH AFFIRMATIVE DEFENSE

56.    The New York City Police Department and/or the City of New York were the parties responsible for ensuring that Plaintiffs received pay in accordance with applicable laws for work performed at HJC pursuant to the PDP.

## FIFTH AFFIRMATIVE DEFENSE

57.    The Fair Labor Standards Act does not apply to HJC.

## SIXTH AFFIRMATIVE DEFENSE

58.    Any damages suffered by Plaintiffs with respect to work performed at HJC were *de minimis*.

## SEVENTH AFFIRMATIVE DEFENSE

59.    The Plaintiffs never attempted to resolve their claims against HJC before resorting to legal action, thus artificially inflating any attorneys' fees their lawyers would otherwise be owed.

## EIGHTH AFFIRMATIVE DEFENSE

60.    Plaintiffs lack standing to bring all or some of their claims.

## NINTH AFFIRMATIVE DEFENSE

61.    Defendant is not a statutory employer under the FLSA, NYLL or FIFA.

## TENTH AFFIRMATIVE DEFENSE

62.    At all times relevant hereto, defendant acted in good faith and has not violated any rights under federal, state or local laws.

## ELEVENTH AFFIRMATIVE DEFENSE

63.    The amounts sought by plaintiffs are subject to set off.

## TWELFTH AFFIRMATIVE DEFENSE

64.    Plaintiffs' claims are barred by the doctrine of equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

65.    To the extent plaintiff's federal claims fail, pendent or supplemental jurisdiction should not be exercised over plaintiff's state law claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

66.    Defendant acted in good faith and had reasonable grounds for believing that its acts or omissions regarding the PDP administration complied with the FLSA or NYLL. Accordingly, pursuant to 29 U.S.C. §260 and relevant state law provisions, Defendant is not liable for liquidated or punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

67.    Plaintiff's claims are barred to the extent they seek recovery for hours worked outside of the standard two-year statute of limitations provided under 29 U.S.C. §255(a). Defendant's actions were taken in good faith and without any willful, reckless, or intentional disregard of the FLSA, therefore the extended three-year limitation for willful violations does not apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

68.    Plaintiff's claims are barred because any alleged delay in compensation was the direct result of third-party vendor billing delays governed by the administrative rules of the Paid Detail Program over which Defendant did not exercise exclusive or immediate control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

69.    Defendant is not a statutory employer under the FLSA, NYLL or FIFA.

9

**EIGHTEENTH AFFIRMATIVE DEFENSE**

70.    The claims against the Defendant are barred  whole or in part by the doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE AND
OBJECTION TO CLASS ACTION PROPOSAL**

71.    The claims against HJC involve a small number of potential class members and involve questions of law and fact distinct from those applicable to the other Vendors.  A severed action involving only HJC and the Plaintiffs that performed work there under the PDP would be fairer and more expeditious. Therefore, the claims against HJC should be severed from the remainder of this action.

Dated:    Rockville Centre, New York
          July 9, 2026


                                   /s/ Mark N. Reinharz
                                   Mark N. Reinharz

                                   18 Hampshire Road
                                   Rockville Centre, New York 11570
                                   (516) 448-9619
                                   mnr724@verizon.net

10