**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALBERT PINEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK, et al.,<br><br>Defendants. | Civil Case No. 1:25-cv-00671-JMF-SLC |

**~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT, CLASS CERTIFICATION, AWARD OF ATTORNEYS' FEES, EXPENSES AND SERVICE PAYMENTS**

On July 17, 2026, named Plaintiffs Devon Dawkins ("Dawkins"), Dominique Eveillard ("Eveillard"), Michael Kmiotek ("Kmiotek"), and Alexis Yanez ("Yanez"), on behalf of themselves and the proposed Class (collectively, "Plaintiffs"), submitted to this Court Plaintiffs' Unopposed Motion for Final Approval of the Settlement and Award of Attorneys' Fees and Costs ("Motion for Final Approval") in connection with Plaintiffs' settlement ("Settlement") with Defendant Primark US Corp. ("Primark" or "Defendant") in the above-captioned action.

The Court has considered Plaintiffs' request for certification of the Rule 23 Class pursuant to the Federal Rule of Civil Procedure ("FRCP") 23(e) for settlement purposes only, together with the Declaration of Innessa M. Huot and all exhibits thereto, including the Primark Settlement Agreement and Release ("Settlement Agreement"), the Declarations of Plaintiffs Dawkins, Eveillard, Kmiotek, and Yanez, and the Declaration of Shari Lynne Grayson from Analytics Consulting, LLC, all filed on July 17, 2026, and hereby finds and Orders as follows:

1. The Court finds that the settlement memorialized in the Settlement Agreement, filed with the Court, is fair, reasonable, and adequate, and meets all requirements for final approval.

On November 5, 2025, the Court granted Preliminary Approval of the Settlement and on or about February 3, 2026, the Notice Packets were mailed to all Class Members, providing them with an opportunity to become Authorized Claimants, object to the Settlement, or request exclusion from the Settlement. No Class Member objected to the Settlement or requested exclusion from same. A Fairness Hearing was rescheduled to July 28, 2026. ECF No. 595.

2. The Court grants Plaintiffs' Motion for Final Approval.

3. Pursuant to Rule 23(e), the Court certifies, for settlement purposes only, a Rule 23 class consisting of all current and former NYPD Officers, Detectives, Sergeants, Lieutenants, Captains, and Inspectors who performed services at Primark locations in New York State, through the Paid Detail Program (the "PDP"), at any time from January 23, 2019 through April 17, 2025.

4. These Class Members meet all of the requirements for class certification under FRCP 23.

5. The Court appoints Plaintiffs Dawkins, Eveillard, Kmiotek, and Yanez to represent the Class, finding that they meet all the requirements for class certification under FRCP 23(a) and (b)(3).

6. Plaintiffs Dawkins, Eveillard, Kmiotek, and Yanez undertook risk to serve their fellow Officers and they expended significant time and effort in the prosecution of the claims and securing the Settlement on behalf of the Class.

7. The Court finds that a service payment of $2,500.00 to Plaintiff Yanez and service payments of $1,500.00 each to Plaintiffs Dawkins, Eveillard, and Kmiotek are reasonable.

8. For settlement purposes only, the Court also grants final certification of the FLSA collective action consisting of all current and former NYPD Officers, Detectives, Sergeants, Lieutenants, Captains, and Inspectors who performed services at Primark locations in New York State, through the PDP, at any time from January 23, 2022 through April 17, 2025.

9. The Court appoints Faruqi & Faruqi, LLP as Class Counsel, finding that they meet all the requirements under the FRCP 23(g).

10. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class's claims. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

11. The Court grants Class Counsel's requested fees of $45,416.67 and reimbursement of litigation expenses of $5,000.00.

12. The Court approves the appointment of Analytics Consulting, LLC as the Settlement Administrator and approves the Parties' agreement for Defendant to separately pay Analytics Consulting, LLC its settlement administration fees.

13. Upon the Effective Date, as defined in the Settlement Agreement, the claims against Defendant as asserted in this Action will be dismissed with prejudice.

14. The Court retains continuing jurisdiction to enforce the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated: August 10, 2026

Sarah L. Cave
Hon. Sarah L. Cave
U.S. Magistrate Judge